TIA MARIE GIACALONE, a Minor, by her Mother and Next Friend, Jeanette Giacalone, Plaintiff-Appellant, v. THE CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (4th Division)   No. 1—91—1564

Opinion filed June 30, 1992.

Richard Cohen, of Chicago, for appellant.

Fraterrigo, Best & Beranek, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

This is an appeal from the denial of plaintiff's motion to amend her complaint in a personal injury action. Plaintiff contends that the trial court abused its discretion in denying her leave to amend prior to hearing and granting defendant's motion for summary judgment.

On April 23, 1986, plaintiff, Tia Marie Giacalone, by her mother and next friend, Jeanette Giacalone, filed a one-count complaint against defendant, the Chicago Park District. The complaint sought damages for injuries suffered by plaintiff when she fell off of a balance beam at a park field house on October 20, 1983, when plaintiff was 11 years old. The complaint alleged negligent supervision by defendant and the negligent failure to provide a mat under the balance beam. Defendant filed an answer denying the material allegations of plaintiff's complaint.

On September 11, 1990, defendant filed a motion to strike and dismiss paragraph 5(e) of the complaint alleging negligent supervision on the ground that as a public entity it was statutorily immune from liability for the failure to supervise activities on or the use of public property (Ill. Rev. Stat. 1989, ch. 85, par. 3—108). On December 11, 1990, the trial court granted defendant's motion to strike paragraph 5(e), and granted plaintiff 28 days to replead.

Prior to that order, on December 3, 1990, defendant filed a motion for summary judgment on the remainder of plaintiff's complaint. Attached to the motion were excerpts from plaintiff's deposition, in which she stated that she was in defendant's advanced gymnastics class; that she appreciated the risk of falling off the balance beam; and that there were mats underneath the beam at the time of her fall.

On December 19, 1990, the trial court entered an order allowing plaintiff 28 days, to January 16, 1991, to respond to defendant's motion for summary judgment, and 14 days for defendant to reply. The matter was set for a status hearing on February 5, 1991. On January 15, 1991, plaintiff filed a notice and motion for leave to present an amended complaint on February 5, 1991. Count I of the amended complaint attached to the motion alleged that defendant negligently provided mats which were not fit and proper for use under the balance beam, and that the defective mats constituted a dangerous condition which was the proximate cause of plaintiff's injuries; that defendant failed to warn plaintiff of the danger and failed to provide proper class instruction in the use of its equipment. Count II alleged that defendant was aware that gymnastics is an extremely dangerous activity, and that defendant acted wilfully and wantonly in allowing plaintiff to begin her gymnastics without proper instruction and assistance, knowing that the mats were defective; in failing to warn plaintiff of the danger of participation without proper instruction and assistance; and in failing to warn plaintiff of the dangerous condition created by the defective mats. Plaintiff also presented an excerpt of plaintiff's deposition in which she stated that the mats under the balance beam on the date of her injury were old, thin and torn open.

Counsel for plaintiff did not appear on February 5, 1991, and the matter was continued to March 1, 1991. On February 28, 1991, the parties met for a pretrial conference before a judge sitting in the stead of the judge to whom the case was assigned. On March 1, 1991, an order was entered continuing defendant's motion for summary judgment to March 27, 1991, apparently due to the failure of plaintiff's counsel to appear. The order, drafted by defense counsel, did not include mention of plaintiff's motion for leave to file an amended complaint.

On March 27, 1991, when defendant commenced its argument on the motion for summary judgment, plaintiff pointed out that she had filed a motion for leave to amend the complaint to allege that although there were mats under the balance beam they were defective and that defendant failed to provide proper class instruction on the use of equipment, and to add count II alleging wilful and wanton misconduct. Defendant objected to the allowance of an amendment on the ground that it was untimely and prejudicial because it presented a new claim and theory of recovery. The trial court stated that the only motion set for hearing that day was defendant's motion for summary judgment and chose to proceed on that motion before considering plaintiff's motion for leave to file the amended complaint. The court

then ruled that because plaintiff had failed to file a response to defendant's motion for summary judgment, and because plaintiff's deposition contradicted the allegations of her complaint, defendant was entitled to summary judgment. The court then stated that plaintiff's presentation of a new theory of recovery several years after the incident was unfair and prejudicial to defendant, and denied plaintiff's motion for leave to file the amended complaint.

On April 22, 1991, plaintiff filed a motion for reconsideration, for vacatur of summary judgment and for leave to file the amended complaint. At the hearing, on April 29, 1991, the trial court noted that summary judgment had been granted prior to the court's ruling on the motion for leave to file an amended complaint. The court then denied the motion, and this timely appeal followed.

Plaintiff contends that the trial court abused its discretion in denying her motion for leave to file an amended complaint. Plaintiff argues that her motion was timely filed within the time to respond to defendant's motion for summary judgment, and that justice requires that she be permitted to file the amended complaint.

The use of the summary judgment procedure is an aid in the expeditious disposition of cases. (*Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 586 N.E.2d 1211.) However, summary judgment is a drastic remedy and should be granted only when the right of the moving party is clear and free from doubt. (*Loyola Academy*, 146 Ill. 2d at 271; *Evans v. United Bank* (1992), 226 Ill. App. 3d 526, 598 N.E.2d 933.) In determining whether summary judgment is proper, the court must construe the pleadings, depositions, affidavits and admissions on file strictly against the moving party and in favor of the party opposing the motion. *Loyola Academy*, 146 Ill. 2d at 271.

In *Loyola,* the supreme court allowed an appeal from the denial of the plaintiff's motion to file an amended complaint following the entry of summary judgment for the defendants. In reversing the appellate court (*Loyola Academy v. S & S Roof Maintenance, Inc.* (1990), 198 Ill. App. 3d 799, 804, 556 N.E.2d 586 (McMorrow, P.J., dissenting)), which upheld the order denying the plaintiff's motion to amend, the supreme court reaffirmed the precedent established by *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774, and decisions following *Kupianen* (see *e.g., Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 515 N.E.2d 728; *Evans v. United Bank* (1992), 226 Ill. App. 3d 526, 598 N.E.2d 933).

The court observed that section 2—1005(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(g)) (the

Code) provides that the trial court shall permit pleadings to be amended upon just and reasonable terms before or after the entry of summary judgment. This section is to be liberally construed in order to further the ends of justice (Ill. Rev. Stat. 1989, ch. 110, par. 1—106) and reaffirms the power of the court to permit amendments to pleadings at any time, as mandated by section 2—616(a) of the Code (*Loyola Academy*, 146 Ill. 2d at 272-73). Section 2—616(a) provides in part:

"At any time before final judgment amendments may be allowed on just and reasonable terms *** changing the cause of action *** or adding new causes of action *** in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought." (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(a).)

Section 2—616(c) further states:

"A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuances that may be just." Ill. Rev. Stat. 1989, ch. 110, par. 2—616(c).

▮ The court in *Loyola* restated the four factors first delineated in *Kupianen* which the trial court should consider in deciding whether an amendment should be permitted and which a reviewing court should apply in determining whether the trial court abused its discretion in denying a proposed amendment. Those factors are: whether the proposed amendment would cure the defective pleading; whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; whether the proposed amendment is timely; and whether previous opportunities to amend the pleading could be identified.

▮ Applying these factors to the case at bar, we conclude that the trial court should have granted plaintiff's motion to file her amended complaint. With respect to the first factor, we find that plaintiff's proposed amended two-count complaint would have cured the defect in the original one-count complaint. The original complaint alleged that defendant did not provide mats for use under the balance beam for the protection of gymnasts. However, in her deposition, plaintiff stated that there were mats under the balance beam at the time of her injury and fall. The proposed amended complaint cured the defective pleading by alleging that defendant failed to provide a "proper and fit" mat and that the defective condition of the mats constituted an unreasonable danger of which defendant knew or should

have known and should have warned plaintiff. This allegation conformed, in substance, to plaintiff's deposition testimony that the mats under the beam were old and thin and torn open, exposing the padding inside. We therefore find that the amended complaint would have cured the defect in the original pleading upon which summary judgment was granted. The proposed amended complaint also alleged that defendant failed to provide proper instruction regarding use of the gymnasium equipment, and it contained an additional count alleging that defendant's misconduct was wilful and wanton.

Next, contrary to the trial court's view, we do not believe that permitting plaintiff to file her amended complaint would be unfairly prejudicial to defendant. As the court stated in *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 896, 515 N.E.2d 728, 731, "no unfair prejudice or surprise could have resulted to [defendant] since the case was still in the pleading stage." In *Siebert,* the motion for leave to file an amended complaint was first presented to the court at the time the motion to vacate the previously entered summary judgment was heard. See also *Evans v. United Bank* (1992), 226 Ill. App. 3d 526, 598 N.E.2d 933 (appellate court reversed the denial of plaintiff's motion to file an amended complaint which was filed with plaintiff's motion to reconsider the entry of summary judgment for the defendant); *Kupianen v. Graham,* 107 Ill. App. 3d 373, 437 N.E.2d 774 (reversing the denial of leave to file a proposed amendment to a counterclaim which was presented with a motion to vacate the order dismissing count III of the counterclaim).

In contrast, in the instant case, plaintiff's motion for leave to amend was filed more than two months before the hearing on defendant's motion for summary judgment. The proposed amendment was filed in lieu of but within the time allowed for a response to the motion for summary judgment. When counsel pointed this out to the court, prior to the commencement of the hearing on the merits of defendant's motion for summary judgment, defendant's counsel acknowledged that he had received plaintiff's motion to amend "quite some time ago." Defendant nevertheless objected, and the trial court agreed, that allowing the proposed amended complaint would be prejudicial because it changed the nature of the claim and the theory of recovery, *i.e.,* from negligence to product liability.

From our reading of the proposed amended complaint, we believe that the theory of it is that defendant was negligent and/or wilful and wanton in providing mats which were defective in that they were not in fit and proper condition, rather than that they were inherently defective. Amendments which result in changes in legal theories are

permitted (Ill. Rev. Stat. 1989, ch. 110, pars. 2—616, 2—1006(g)) and have been held not to create prejudice which warrants a denial of the proposed amendment. The proposed amended pleadings in *Loyola Academy, Evans, Siebert,* and *Kupianen* each contained different legal theories than those alleged in the original pleading. In each case, the reviewing court found that defendant was not unfairly prejudiced by the allowance of the proposed amendment. Plaintiff's proposed amended complaint in this case was filed within the time allowed her to respond to defendant's motion for summary judgment. As plaintiff pointed out to the trial court, it would have been futile to file a response in opposition to the motion for summary judgment which expressly relied on plaintiff's deposition regarding the existence of mats to contradict the allegation in the complaint that no mats were provided. Defendant acknowledged having received a copy of the proposed amendment "quite some time" before the hearing on the motion for summary judgment, and the court was presented with a copy of the proposed amendment prior to hearing the merits of defendant's motion. It cannot be said that defendant was surprised or prejudiced by the proposed amendment, or that the motion was not timely filed.

With respect to the final factor to consider, whether plaintiff had previous opportunities to amend, we reiterate that this case was still in the pleading stage. Prior to its motion for summary judgment, defendant's only challenge to plaintiff's complaint was a motion to strike and dismiss one paragraph alleging negligent supervision on the ground that defendant was statutorily immune, as a public entity, from liability for the failure to supervise activities on its premises or for negligent supervision. Defendant never filed a motion to dismiss the remainder of the complaint as being legally insufficient. Thus, the motion to file the proposed amendment in this case was plaintiff's first opportunity and attempt to amend. *Evans v. United Bank,* 226 Ill. App. 3d at 535.

We find that plaintiff has satisfied the four-factor test established by *Kupianen* and reaffirmed by *Loyola Academy* as the proper standard to be applied in determining whether a proposed amendment should be allowed. We further find that the liberal application which is to be given the provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 1—106) warranted the allowance of plaintiff's proposed amended complaint in order to permit her to effectively present her claim and to do substantial justice between the parties. The trial court should have exercised its discretion to allow plaintiff leave to file the amended complaint.

For the reasons stated, the order of trial court is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.