STEPHEN F. SELCKE, Director of Insurance for the State of Illinois, as Liquidator of Pine Top Insurance Company, Plaintiff-Appellant, v. RICHARD A. BOVE *et al.*, Defendants-Appellees (Touche Ross and Company *et al.*, Defendants).

First District (5th Division)  No. 1—92—1510

Opinion filed February 4, 1994.

Robinson, Curley & Clayton, P.C., and Peter G. Gallanis, of Office of Special Deputy Receiver, both of Chicago, for appellant.

Paul V. Esposito and Thomas E. Brabec, both of Lewis, Overbeck & Furman, of Chicago, for appellees.

JUSTICE GORDON delivered the opinion of the court:

On January 16, 1987, the Pine Top Insurance Company (Pine Top), an Illinois property and casualty insurer, was declared insolvent. In June 1988, the Illinois Director of Insurance, the plaintiff in this action, brought suit on behalf of Pine Top's policyholders and creditors against Touche Ross & Co., the Whitney Financial Group and 23 individuals who served as directors and/or officers of Pine Top in the 1970's and early 1980's. Count I of the plaintiff's original complaint alleged that the directors and officers of Pine Top had breached their fiduciary duty to Pine Top, and count II

alleged negligent mismanagement on the part of the individual directors and officers.

In November 1989, the trial court granted a motion to dismiss filed pursuant to section 2—615 (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) by defendants who were "outside" (nonmanagement) directors of Pine Top and consequently dismissed counts I and II of plaintiff's complaint with respect to those defendants. The trial court determined that since these counts did not allege any fraud, illegality or conflict of interest, the business judgment rule protected those defendants for honest mistakes in judgment. After obtaining the appropriate Rule 304(a) (134 Ill. 2d R. 304(a)) language in the trial court's order, plaintiff filed an appeal from that ruling without requesting from the trial court that he be granted leave to amend his pleadings to cure any deficiency.

While the appeal with respect to the directors was pending, the trial court dismissed all claims contained in counts I and II with respect to defendants who were corporate officers of Pine Top with the exception of plaintiff's claim that the officers had caused Pine Top to file inaccurate financial statements with the Department of Insurance. The court reasoned that this surviving claim could arguably be premised upon fraud, illegality or self dealing and therefore remained actionable. After the trial court denied plaintiff's request for Rule 304(a) language on the order which dismissed the allegations with respect to the officers, plaintiff and defendant officers proceeded with pretrial motions and discovery on the inaccurate financial information claim.

In an opinion filed on March 13, 1992, we affirmed the trial court in *Stamp v. Touche Ross & Co.* (1992), 263 Ill. App. 3d 1010. In that opinion, we held that the trial court had erred in construing the business judgment rule too broadly to encompass all business judgments not involving fraud, illegality, or conflict of interest even where those judgments are the result of negligence or inattention. (*Stamp v. Touche Ross & Co.*, 263 Ill. App. 3d at 1016.) However, while we held that the trial court erred in finding the complaint to be legally insufficient, we determined that the complaint was factually insufficient as it failed to allege facts to sufficiently demonstrate that defendants "did not make informed judgments or use due care in arriving at those judgments." *Stamp v. Touche Ross & Co.*, 263 Ill. App. 3d at 1017.

In his appeal, plaintiff requested for the first time that he be given leave to amend his complaint and that the case be remanded to the trial court for that purpose. We initially denied that request

because plaintiff did not seek leave to amend at the trial court level. Plaintiff subsequently filed a petition for rehearing in *Stamp*, contending among other things that he should be given leave to amend his complaint since defendants did not challenge the factual sufficiency of his complaint before the trial court and that the rationale for the trial court's dismissal purported to exempt business judgments even if arrived at through negligence and inattention. Plaintiff contended that in the face of the trial court's rationale, any attempt to amend would have been futile.

While plaintiff's petition for rehearing in *Stamp* was pending before us on appeal, the defendant officers filed a motion asking the trial court to dismiss the remaining cause of action against them based upon the inaccurate financial information allegation of plaintiff's complaint. In April 1992, the trial court granted that motion, construing our original decision in *Stamp* to compel the dismissal of plaintiff's complaint against the officers. The trial court also denied plaintiff's motion for leave to file an amended complaint, reasoning that since plaintiff had not been given leave to amend by the appellate court with respect to the defendant directors, leave to amend with respect to the officers should similarly be denied. The trial court explained:

> "It seems to me whatever rule is going to apply should apply to everyone. And if the Appellate Court has ruled in regards to amending, and has ruled as to the complaint, I don't see how I can make exception in that ruling. I mean I really have to follow what they said. *** [I]t seems to me that consistency would dictate that I follow that opinion in every respect."

Subsequently, we modified our original opinion in *Stamp*. In our revised opinion, we granted plaintiff's request for leave to amend, relying on Illinois Supreme Court Rule 366 (134 Ill. 2d R. 366), and *Johnson v. Lincoln Christian College* (1986), 150 Ill. App. 3d 733, 501 N.E.2d 1380, because "the climate in the trial court was inhospitable to plaintiff's theory of action [and] the opposing party virtually conceded *** the factual sufficiency of the pleading with respect to that theory." *Stamp v. Touche Ross & Co.*, 263 Ill. App. 3d at 1020; see *Geaslen v. Berkson, Gorov & Levin, Ltd.* (1993), 155 Ill. 2d 223, 613 N.E.2d 702; *Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America, Inc.* (1980), 87 Ill. App. 3d 757, 762, 410 N.E.2d 205 (appellate court excused plaintiff's failure to offer proposed amended pleading below or on appeal where trial court, in response to plaintiff's question as whether leave to amend would be allowed, responded that "such action would be fruitless in this instance").

Plaintiff's present appeal is from the trial court's April 1992 dismissal of counts I and II of his complaint with respect to the defendant officers and the trial court's refusal to grant him leave to amend that complaint. Plaintiff also appeals the trial court's April 1990 order which dismissed all of the allegations of counts I and II against the defendant officers with the exception of the claim based on the filing of inaccurate financial information.

After briefs were filed and oral arguments were held in this appeal, all but one of the defendants-appellees reached a settlement with plaintiff. The remaining defendant, H. Loren Hawley, did not file a brief in this court and was not represented in oral argument. We nevertheless proceed with this appeal pursuant to *Standard Management Realty Co. v. Johnson* (1987), 157 Ill. App. 3d 919, 510 N.E.2d 986 (appellate court has authority to address the merits of a case on appeal in spite of appellee's failure to file a brief, but is not obligated to act as the appellee's advocate), and *People ex rel. Holland v. Halprin* (1975), 30 Ill. App. 3d 254, 332 N.E.2d 501 (appellee's failure to file a brief vests the appellate court with discretion to hear the case on the merits).

■ In this appeal, plaintiff first contends that the trial court erred in dismissing his complaint against the officers because the business judgment rule applies only to the conduct of corporate directors and not to the conduct of corporate officers. This position, however, is clearly contrary to the substantial body of corporate case law which has developed on this issue.

As stated by the leading scholarly treatise in the area:

> "It is too well settled to admit of controversy that ordinarily neither the directors nor the other officers of a corporation are liable for mere mistakes or errors of judgment, either of law or fact. *** This rule is commonly referred to as the 'business judgment rule,' and applies to decisions of executive officers as well as those of directors." (3A W. Fletcher, Corporations § 1039, at 45 (rev. ed. 1986).)

"The business judgment rule is premised on the notion that those to whom the management of the corporation has been entrusted are primarily responsible for judging whether a particular act or transaction is one which is helpful to the conduct of corporate affairs ***." 3A W. Fletcher, Corporations § 1039, at 4 (Supp. 1992).

We note that no Illinois case has expressly addressed this issue. A substantial number of courts from other jurisdictions, however, have clearly articulated that the business judgment rule protects corporate officers as well as corporate directors. See, *e.g., McDonnell v. American Leduc Petroleums, Ltd.* (2d Cir. 1974), 491 F.2d 380;

*FDIC v. Niblo* (N.D. Tex. 1993), 821 F. Supp. 441; *AmeriFirst Bank v. Bomar* (S.D. Fla. 1991), 757 F. Supp. 1365; *Estate of Detwiler v. Offenbecher* (S.D.N.Y. 1989), 728 F. Supp. 103; *Turner Broadcasting System, Inc. v. CBS, Inc.* (N.D. Ga. 1985), 627 F. Supp. 901; *Massaro v. Vernitron Corp.* (D. Mass. 1983), 559 F. Supp. 1068; *Kaplan v. Centex Corp.* (Del. Ch. 1971), 284 A.2d 119; *Omnibank v. United Southern Bank* (Miss. 1992), 607 So. 2d 76; *McKnight v. Midwest Eye Institute of Kansas City, Inc.* (Mo. App. 1990), 799 S.W.2d 909; *Para-Medical Leasing, Inc. v. Hangen* (1987), 48 Wash. App. 389, 739 P.2d 717.

In support of his position, plaintiff cites an unreported district court case from Pennsylvania, Platt v. Richardson (M.D. Pa. June 6, 1989), No. 88—0144, which does expressly limit the application of the business judgment rule to actions of corporate directors. However, that case, which cites no authority for that proposition, is the only case cited by plaintiff which reaches such a conclusion. The Illinois cases cited by plaintiff, including *Shlensky v. Wrigley* (1968), 95 Ill. App. 2d 173, 237 N.E.2d 776, *Lower v. Lanark Mutual Fire Insurance Co.* (1983), 114 Ill. App. 3d 462, 448 N.E.2d 940, *Fields v. Sax* (1984), 123 Ill. App. 3d 460, 462 N.E.2d 983, and *Romanik v. Lurie Home Supply Center, Inc.* (1982), 105 Ill. App. 3d 1118, 435 N.E.2d 712, are not supportive of plaintiff's position. Those cases, which do mention "directors" when speaking of the application of the business judgment rule, in no way purport to so limit its application. In fact, both *Shlensky* and *Fields* involved defendants who were corporate officers as well as directors. (See *Shlensky*, 95 Ill. App. 2d at 175; *Fields*, 123 Ill. App. 3d at 461.) In sum, plaintiff's position that the business judgment rule does not apply to corporate officers is unsupported by Illinois law and, notwithstanding the *Platt* decision, is against the substantial weight of judicial authority from other jurisdictions on the issue. As such, we decline to adopt that position.

■ However, we do agree with plaintiff's contention that even if his complaint was properly deemed to be factually insufficient with respect to the defendant officers, the trial court abused its discretion when it denied plaintiff an opportunity to amend his complaint against those officers. Specifically, we agree with plaintiff's contention that, even without reference to our modified opinion, the trial court misconstrued our original decision in *Stamp* as mandating that plaintiff be denied leave to amend with respect to defendant officers.

Section 2—616 of the Code of Civil Procedure provides:

"(a) At any time before final judgment amendments may be allowed on just and reasonable terms, *** changing the cause of action *** or adding new causes of action ***, and in any matter, either of form or substance, in any process, pleading, bill of

particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought ***." Ill. Rev. Stat. 1991, ch. 110, par. 2—616.

The decision to grant or deny a motion for leave to amend is within the discretion of the trial court and its decision will not be reversed on appeal absent an abuse of that discretion. (*Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208; *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84.) This section should be liberally construed to permit resolution of cases on the merits (*Pietka v. Chelco Corp.* (1982), 107 Ill. App. 3d 544, 437 N.E.2d 872), with any doubts resolved in favor of allowing amendments. (*Sunderland v. Tri-City Community Unit School District No. 1* (1990), 193 Ill. App. 3d 266, 549 N.E.2d 992.) "The overriding consideration is whether allowing the amendment of pleadings will further the ends of justice." *Delzell v. Moore* (1992), 224 Ill. App. 3d 808, 812, 587 N.E.2d 1131; *Merrill v. Drazek* (1978), 58 Ill. App. 3d 455, 374 N.E.2d 792.

Here, the trial court erred when it construed our original opinion in *Stamp* so as to mandate denial of leave to amend with respect to plaintiff's complaint against the officers. Our denial of leave to amend with respect to the directors in our original opinion in *Stamp* was predicated on the plaintiff's failure to ask for such leave to amend at the trial level. That decision did not mandate that plaintiff be denied leave if such leave was properly sought at the trial level and was not invoked for the first time on appeal. The difference between asking for leave to amend at the trial level and seeking leave to amend for the first time on appeal is generally dispositive. Compare *Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340 (leave to amend denied when party sought leave to amend for the first time on appeal), with *Tongate v. Wyeth Laboratories* (1991), 220 Ill. App. 3d 952, 580 N.E.2d 1220 (request for leave to amend in the trial court prior to the entry of a final judgment is within the discretion of the trial court).

Moreover, any lingering question as to whether plaintiff should have been allowed leave to amend was resolved by our revised opinion in *Stamp* in which we did in fact grant plaintiff leave to amend his complaint with respect to the directors pursuant to Illinois Supreme Court Rule 366. (*Stamp v. Touche Ross & Co.*, 263 Ill. App. 3d at 1021; 134 Ill. 2d R. 366.) In so doing, we noted that "the climate in the trial court was inhospitable to plaintiff's theory of action [and] the opposing party virtually conceded *** the factual sufficiency of the pleading with respect to that theory." (*Stamp v. Touche Ross & Co.*, 263 Ill. App. 3d at 1020.) Clearly under that rationale plaintiff,

*a fortiori*, should have been given an opportunity to amend his complaint at the trial court level when it sought to do so with respect to the officers. See *Cravens v. Huff* (1985), 131 Ill. App. 3d 787, 476 N.E.2d 5 (appellate court which reinstated plaintiff's cause of action directed trial court to grant plaintiff leave to amend his complaint so that plaintiff could respond to various objections raised by defendant below); *Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America*, 87 Ill. App. 3d at 762 (discussed above); see also *Senese v. Climatemp, Inc.* (1991), 222 Ill. App. 3d 302, 582 N.E.2d 1180 (appellate court determined that plaintiff should be given leave to file a second amended complaint to respond to arguments raised by defendant for the first time in its motion to dismiss plaintiff's first amended complaint).

Therefore, the trial court's denial of plaintiff's motion for leave to amend constituted an abuse of discretion. In so ruling, we note that this holding is fully consistent with the decision of the Illinois Supreme Court in *Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 586 N.E.2d 1211, which sets forth the four factors to be considered in assessing whether the trial court abused its discretion in denying leave to amend.

> "These factors are: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleadings could be identified." *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d at 273.

First, it appears that the plaintiff's proposed amended complaint does cure the original complaint's factual insufficiency. (*Giacalone v. Chicago Park District* (1992), 231 Ill. App. 3d 639, 596 N.E.2d 731; see also *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d at 274.) The amended complaint sets forth specific facts which indicate in greater detail defendants' failure to make informed judgments and their failure to exercise due care in arriving at those judgments.

There would also be no apparent prejudice to defendant Hawley in allowing the amendment. (*Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 483 N.E.2d 924.) The proposed amendment merely sought to provide a greater factual basis for the very same claim that was currently before the trial court. (*Schwaner v. Belvidere Medical Building Partnership* (1987), 155 Ill. App. 3d 976, 508 N.E.2d 522.) Even if this amendment had altered or added new legal theories to that complaint, leave to amend would still have been allowed considering the case was still in the early stages. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d at 275.

The last two factors, the timeliness of the proposed amendment and previous opportunities to amend the pleadings, weigh heavily in favor of plaintiff. In this instance, plaintiff moved to amend his complaint shortly after the *Stamp* opinion was issued. At this time, the case against the officers was still in the discovery and pretrial motions stages, not ready for trial. Moreover, there were no prior opportunities for plaintiff to amend his complaint to cure the defects in question as its factual sufficiency was first challenged on appeal. See *Giacalone v. Chicago Park District*, 231 Ill. App. 3d at 644-45; *Senese v. Climatemp, Inc.*, 222 Ill. App. 3d at 320-21; *Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America*, 87 Ill. App. 3d at 762.

Thus, for the foregoing reasons, we determine that the trial court erred in denying plaintiff's leave to amend. Therefore, the judgment of the trial court is reversed and this cause remanded for further proceedings consistent with this order.

Judgment reversed and remanded.

MURRAY, P.J., and McNULTY, J. concur.