VERNA BETZ CHANDLER *et al.*, Plaintiffs and Garnishors-Appellants, v. OTIS DOHERTY, Defendant (American Fire and Casualty Company of the Ohio Casualty Group of Insurance Companies, Garnishee-Appellee).

Fourth District No. 4—99—0866

Argued May 24, 2000.—Opinion filed June 2, 2000.

Michael R. Cornyn (argued), of Thomas, Mamer & Haughey, of Champaign, and Reino C. Lanto, Jr., of Rantoul, for appellants.

Robert Marc Chemers and Daniel G. Wills (argued), both of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Verna and James Chandler, garnishors, appeal from the denial of their motion to amend their garnishment action against American Fire & Casualty Company (American Fire), garnishee. They sought to amend their complaint to add an additional count for American Fire's bad faith in failing to defend its insured, Otis Doherty, in an action brought against him by the Chandlers. The trial court denied the motion on the following grounds: (1) untimeliness, (2) a claim for bad faith could not be part of a garnishment action, and (3) the Chandlers had forfeited their arguments on the bad-faith issue by failing to raise them in the original appeal. The Chandlers appeal, contending their motion to amend was timely and it cured a defect in their original complaint wherein they combined a claim for breach of American Fire's insurance contract with Doherty and a bad-faith failure to defend a claim in one count of the garnishment action. We affirm.

This case began on November 15, 1988, when the Chandlers filed a lawsuit against Doherty claiming Verna Chandler had been injured in an automobile accident with Doherty. The Chandlers obtained a $1,618,530 judgment against Doherty. American Fire failed to defend Doherty in the action. The Chandlers then obtained an assignment of Doherty's rights and causes of action against American Fire.

On March 9, 1995, the Chandlers filed a garnishment action against American Fire, combining in one count both (1) a claim for the $300,000 policy limits plus interest on the full underlying judgment based on breach of contract for American Fire's failure to defend under its policy with Doherty, and (2) a claim for damages for the bad-faith refusal to defend the claim for the entirety of the underlying judgment without regard to policy limits. The Chandlers then filed an amended complaint on August 21, 1995, more specifically delineating the bad-faith claims. American Fire answered the original complaint on February 14, 1996, and the amended complaint on March 14, denying coverage under its policy.

On May 30, 1996, the Chandlers filed a motion for summary judgment seeking both policy limits for wrongful failure to defend Doherty and the excess judgment for American Fire's bad faith in failing to do so. On September 5, 1996, American Fire filed a motion to withdraw its answer and file a motion to dismiss, arguing bad-faith actions can-

not be brought in garnishment proceedings. On September 13, American Fire filed a response to the Chandlers' motion for summary judgment and its own motion for summary judgment, arguing, among other things, the Chandlers could not properly bring a bad-faith complaint in a garnishment proceeding.

On October 31, 1996, the Chandlers filed a motion to amend pleadings to add a common-law negligence count for bad faith instead of having the claim in the same count of the garnishment action with that for breach of contract. Also on October 31, oral arguments were held on the respective motions for summary judgment and on American Fire's motion to dismiss the Chandlers' complaint. The Chandlers' motion for leave to amend was discussed but was not called for hearing.

On December 1, 1997, the trial court issued a memorandum opinion granting the Chandlers' motion for summary judgment in part and denying it in part. The trial court granted the motion as to the breach of contract and awarded the Chandlers the $300,000 policy limits as well as interest on the remainder of the amount of the judgment they had obtained against Doherty. The motion was denied as to the bad-faith allegations, with the trial court finding the bad-faith arguments were improper in a garnishment proceeding and unsupported. American Fire's motion to dismiss and its cross-motion for summary judgment were denied. No ruling was made on the Chandlers' motion for leave to amend.

The trial court entered judgment on its memorandum order on January 17, 1998, and American Fire filed a notice of appeal on January 27. In *Chandler v. Doherty*, 299 Ill. App. 3d 797, 702 N.E.2d 634 (1998), we affirmed the trial court's finding American Fire owed a duty to defend its insured, Doherty, in the action brought against him by the Chandlers. The mandate from this court issued on March 9, 1999, and the cause was remanded to the trial court after American Fire's petition for leave to appeal to the Supreme Court of Illinois and its petition for reconsideration had both been denied.

On June 29, 1999, American Fire filed a satisfaction of partial summary judgment with the trial court, indicating it paid the Chandlers $1,117,836.92. At that time, the Chandlers brought to the court's attention their motion to amend their pleadings filed on October 31, 1996, but never ruled on. The Chandlers were granted leave to file an amended motion for leave to file an amended complaint, and they did so in July 1999. American Fire filed its objections, and the trial court conducted a hearing in September 1999.

American Fire objected to the filing of the amended complaint, arguing a bad-faith claim could not properly be brought in a garnish-

ment proceeding, the motion was untimely, and the Chandlers had forfeited any argument they might have had on adding a bad-faith count when they failed to raise the issue in their initial appeal. The trial court denied the Chandlers' motion to amend on September 20, adopting the arguments raised by American Fire in its response to the motion. The Chandlers filed a timely notice of appeal on October 19, 1999.

■ A trial court has broad discretion in deciding a motion to amend pleadings, and a reviewing court will not reverse the trial court's decision absent a manifest abuse of that discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211, 1216 (1992); *Miller v. Pinnacle Door Co.*, 301 Ill. App. 3d 257, 261, 703 N.E.2d 628, 631 (1998). We find no abuse of discretion here.

In determining whether to allow an amendment to a complaint, a trial court is to consider whether (1) the proposed amendment would cure the defective pleading, (2) previous opportunities to amend the pleading could be identified, (3) other parties would sustain prejudice or surprise by virtue of the amendment, and (4) the proposed amendment is timely. *Loyola*, 146 Ill. 2d at 273, 586 N.E.2d at 1215-16; *Miller*, 301 Ill. App. 3d at 261, 703 N.E.2d at 631. In this case, the Chandlers' proposed amendment does not satisfy the first criterion the trial court must consider.

The defect the Chandlers sought to cure was the bringing of a bad-faith claim in the context of a garnishment proceeding. They originally brought their bad-faith claim in the same count with their claim for a breach of American Fire's contractual duty to defend Doherty. American Fire contended a bad-faith claim could not be brought in a garnishment proceeding, and the trial court agreed in denying the Chandlers' motion for summary judgment on its bad-faith claim. The Chandlers moved to remedy this defect in their pleading by making the bad-faith claim a separate count within the garnishment proceeding. They have missed the point of the objection by American Fire later accepted by the trial court. Even though the Chandlers propose to submit their bad-faith claim separately from their breach-of-duty claim, it is still within the context of a garnishment proceeding. This they cannot do.

■ Garnishment is a statutory remedy for the enforcement of a judgment, and to maintain a garnishment proceeding a garnishor must meet the requirements of the garnishment act. 735 ILCS 5/12— 701 through 12—719 (West 1998); *In re Marriage of Schomburg*, 269 Ill. App. 3d 13, 17, 645 N.E.2d 1005, 1007 (1995). A garnishment proceeding is a remedial measure designed to reach assets belonging to the judgment debtor and make those assets available for application

toward the judgment against him. It is not a separate suit but an ancillary step in the original action. *Buckner v. Causey*, 311 Ill. App. 3d 139, 149, 724 N.E.2d 95, 104 (1999). To be subject to garnishment, the indebtedness sought to be garnisheed must be a liquidated sum due without contingency. *Zimek v. Illinois National Casualty Co.*, 370 Ill. 572, 575-76, 19 N.E.2d 620, 622 (1939).

■ Claims for a liquidated amount of damages such as the Chandlers' claim for the amount up to American Fire's policy limits found to be due the Chandlers in their original suit against Doherty are properly the subject of a garnishment proceeding. Claims beyond the policy limits for an unknown amount of damages for American Fire's bad faith in failing to defend Doherty in the original personal injury suit are not. See *Stevenson v. Samkow*, 142 Ill. App. 3d 293, 296, 491 N.E.2d 1318, 1320-21 (1986); *Powell v. Prudence Mutual Casualty Co.*, 88 Ill. App. 2d 343, 349, 232 N.E.2d 155, 158-59 (1967). Although American Fire points to *Buckner* as a case where the court may be suggesting an unliquidated claim may be brought in a garnishment proceeding, we find it deals with the limited situation where a judgment creditor has pursued an insurance company in a garnishment proceeding for a judgment entered against its insured and has added a petition seeking sanctions and an award of attorney fees and costs against the insurer for its refusal to pay the judgment entered against the insured under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1996)). *Buckner*, 311 Ill. App. 3d at 141-42, 724 N.E.2d at 98. The issue was not whether a section 155 petition, which provides for the payment of fees and costs in a certain amount (not an unliquidated sum), could be included in a garnishment petition but whether it could be brought by the judgment creditor and not the insured himself. *Buckner*, 311 Ill. App. 3d at 149-50, 724 N.E.2d at 104. Thus, the *Buckner* decision does not state unliquidated claims may be included in garnishment proceedings. We find claims of bad faith against insurance companies may not be brought in garnishment proceedings.

■ Although the Chandlers have attempted to plead a separate count containing their bad-faith claim against American Fire, it is still within the context of a garnishment proceeding and, because it is an unliquidated claim, it may not be brought in the garnishment proceeding. The proposed amendment to the garnishment complaint does not cure the defect in the original garnishment pleading.

The Chandlers' proposed amendment does not cure the defect in their original pleading because it does not satisfy the first criterion for granting a motion to amend a pleading. Therefore, we need not discuss any of American Fires's other objections to the proposed amendment.

We find no manifest abuse of discretion on the part of the trial court in denying the Chandlers' amended motion for leave to amend their garnishment complaint.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.