TIMOTHY C. MYERS, Plaintiff-Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellee.

Fourth District   No. 4—00—0943

Argued April 24, 2001.—Opinion filed July 19, 2001.—Rehearing denied August 21, 2001.

David R. Jones, Gail G. Renshaw (argued), and Susan E. Brennan, all of Brennan, Jones & Brennan, P.C., of Belleville, for appellant.

Kurt E. Reitz (argued) and Ann C. Barron, both of Thompson Coburn, of Belleville, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In October 1998, plaintiff, Timothy C. Myers, filed a single-count complaint against defendant, Illinois Central Railroad Company. Plaintiff's suit arises from an April 1998 incident in which plaintiff, while employed by defendant, injured himself when he attempted to exit a moving train. In July 2000, defendant filed a motion for summary judgment. In August 2000, plaintiff filed a motion for leave to file an amended complaint. In October 2000, the trial court granted defendant's motion and denied plaintiff's. On appeal, plaintiff argues that (1) the trial court erred in granting summary judgment based on its finding that (a) the Federal Railroad Safety Act of 1970 (FRSA) (49 U.S.C. §§ 20101 through 20153 (1994)) preempted the negligent speed allegations under the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51 through 60 (1994)), and (b) no genuine issue of material fact existed as to plaintiff's other claims; and (2) the trial court abused its discretion in denying plaintiff's motion for leave to file an amended complaint. We affirm in part, reverse in part, and remand.

## I. BACKGROUND

In the early morning of April 2, 1998, plaintiff, then a 19-year employee of defendant, was a brakeman in a train crew that defendant had scheduled to go from Glen Yard to Joliet and then to Stepan Chemical Company. Other members of the crew included the following: David Allenson, the engineer, Kevin Rinck, a student engineer, and Joe Marassa, the conductor. On route to Stepan, the crew had to travel a section of track between Plaines and Stepan owned by Burlington Northern & Santa Fe Railroad (Burlington Northern). Before the April 2 run, Allenson had run that section of the track only as a

student engineer, never "alone." Marassa was familiar with these tracks but he was in the second engine doing paperwork.

Burlington Northern granted the crew permission to run against the flow of traffic, also known as "operating in the dark" because the crew could not see the signals. Marassa told the crew to "run the speed limit." The track had a class four rank, which has a speed limit of 60 miles per hour (49 C.F.R. § 213.9 (1998)). The train came upon a curve with a restricted speed limit of 49 miles per hour.

As they approached the curve, Allenson, Rinck, and plaintiff saw what appeared to be the rear lights of a train on the same track. Allenson threw the train into emergency. Plaintiff tried to exit the train through the engine's front door. When plaintiff attempted to open the front door by pushing into it with his left shoulder, the door did not open. As a result, plaintiff sustained an injury to his shoulder. Plaintiff again attempted to open the front door and was successful. However, the door got away from plaintiff and hit him in the knee, causing injury.

As plaintiff went to jump off the train, he noticed that the other train was on a different track. Plaintiff remained on the train until the train stopped. When the train stopped, plaintiff and Allenson noticed that Rinck was missing. Marassa and plaintiff found Rinck lying next to the train. Rinck had exited the train by using the back engine door.

In October 1998, plaintiff filed a complaint against defendant in Madison County. In April 1999, the Madison County circuit court transferred the case to Macon County. In July 2000, defendant filed a motion for summary judgment. In August 2000, plaintiff filed a motion for leave to file an amended complaint, seeking to add a second count pursuant to the Boiler Inspection Act (49 U.S.C. §§ 20701 through 20703 (1994)). That same month, defendant filed a motion to dismiss or strike from plaintiff's complaint all claims of damages for psychological turmoil or emotional distress caused by the accident. The trial court granted defendant's motion to strike. In October 2000, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion to file an amended complaint. This appeal followed.

## II. ANALYSIS

### A. Summary Judgment

•1 Summary judgment is appropriate where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits reveal no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735

ILCS 5/2—1005(c) (West 1998); *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349, 701 N.E.2d 493, 496 (1998). To survive summary judgment under FELA, the plaintiff must elicit proof that the employer's negligence played any part, even the slightest, in producing the injury. Thus, a plaintiff's burden in a FELA action is significantly lighter than it would be in an ordinary negligence case. *Williams v. National R.R. Passenger Corp.*, 161 F.3d 1059, 1061 (7th Cir. 1998). We review grants of summary judgment *de novo. Ragan*, 183 Ill. 2d at 349, 701 N.E.2d at 646.

### 1. *Excessive-Speed Claim*

In subsection (c) of section 8 of count I of his complaint, plaintiff alleged that defendant "[n]egligently and carelessly allowed one of its trains to run [49] miles per hour at night against the current of traffic on a foreign railroad with no signals." Plaintiff asserts that the trial court erred in finding that FRSA preempted plaintiff's aforementioned claim brought under FELA. We agree and note that we must read federal statutes to give effect to each if we can do so while preserving their sense and purpose. *Pittsburgh & Lake Erie R.R. Co. v. Railway Labor Executives' Ass'n*, 491 U.S. 490, 510, 105 L. Ed. 2d 415, 434, 109 S. Ct. 2584, 2596 (1989).

●2 Enacted in 1970, FRSA contemplated a comprehensive and uniform set of safety regulations in all areas of railroad operations. *Chicago Transit Authority v. Flohr*, 570 F.2d 1305, 1308-09 (7th Cir. 1977). FRSA's purpose is to "promote safety in every area of railroad operations and [to] reduce railroad-related accidents and incidents." 49 U.S.C. § 20101 (1994). FRSA authorizes the Secretary of Transportation (Secretary) to promulgate rules, regulations, and standards for every area of railroad safety. 49 U.S.C. § 20103(a) (1994). The Secretary adopted regulations under FRSA, setting maximum train speeds for certain classes of railroad tracks. 49 C.F.R. § 213.9 (1998); *Waymire v. Norfolk & Western Ry. Co.*, 218 F.3d 773, 776 (7th Cir. 2000). Moreover, FRSA provides that "[l]aws, regulations, and orders related to railroad safety shall be nationally uniform to the extent possible." 49 U.S.C. § 20106 (1994).

●3 Enacted in 1908, FELA provides a federal remedy for railroad workers who suffer personal injuries because of the negligence of their employers or their fellow employees. *Wilson v. Norfolk & Western Ry. Co.*, 187 Ill. 2d 369, 372, 718 N.E.2d 172, 174 (1999). " 'Cognizant of the physical dangers of railroading that resulted in the death or maiming of thousands of workers every year, Congress crafted a federal remedy that shifted part of the "human overhead" of doing business from employees to their employers.' " *Wilson*, 187 Ill. 2d at 372-73,

718 N.E.2d at 174, quoting *Consolidated R. Corp. v. Gottshall*, 512 U.S. 532, 542, 129 L. Ed. 2d 427, 439, 114 S. Ct. 2396, 2404 (1994). FELA provides the exclusive remedy for a railroad employee injured because of his employer's negligence. *Wabash R.R. Co. v. Hayes*, 234 U.S. 86, 89, 58 L. Ed. 1226, 1230, 34 S. Ct. 729, 729 (1914). Further, FELA is a broad remedial statute that courts must liberally construe to accomplish Congress' objectives. *Wilson*, 187 Ill. 2d at 373, 718 N.E.2d at 175. The basis for liability under the statute is the employer's negligence, not merely the fact that an employee is injured on the job. *Wilson*, 187 Ill. 2d at 373, 718 N.E.2d at 175.

While the United States Supreme Court has not addressed the precise issue presented by this case, it has considered the question of whether FRSA preempts a state law action concerning excessive speed where the train was operating at a speed lower than the speed limit set pursuant to FRSA. See *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 123 L. Ed. 2d 387, 113 S. Ct. 1732 (1993). In *Easterwood*, 507 U.S. at 661-62, 123 L. Ed. 2d at 394-95, 113 S. Ct. at 1736, the plaintiff, the widow of a truck driver killed in a crossing collision, sued the railroad under state law, alleging that the railroad operated its train at an excessive speed. The Supreme Court held that FRSA's express preemption provision preempted the excessive-speed claim (*Easterwood*, 507 U.S. at 675-76, 123 L. Ed. 2d at 404, 113 S. Ct. at 1743-44), which allowed the state to regulate railroad safety until the Secretary prescribed a regulation or issued an order covering the subject matter of the state requirement (49 U.S.C. § 20106 (1994)). FRSA covered the subject matter there because the speed limits were more than just ceilings and were set with safety concerns in mind. *Easterwood*, 507 U.S. at 674, 123 L. Ed. 2d at 402-03, 113 S. Ct. at 1742-43. However, the Supreme Court specifically stated that it did not address preemption of related claims such as the duty to slow or stop a train to avoid a specific hazard. There, the plaintiff only alleged that the "train was traveling too quickly given the 'time and place.'" *Easterwood*, 507 U.S. at 675 n.15, 123 L. Ed. 2d at 404 n.15, 113 S. Ct. at 1743 n.15.

In arguing plaintiff's claim is preempted, defendant relies on several federal district and circuit court of appeals cases, including the Seventh Circuit's *Waymire* case. In *Waymire*, 218 F.3d at 774, the plaintiff, who was the conductor of a train involved in a crossing collision, sued the railroad under FELA, alleging that the railroad was negligent in allowing the train to travel at an unsafe speed and failing to install additional warning devices. Just before the collision, the train was traveling at 20 to 23 miles per hour, well below the FRSA speed limit of 60 miles per hour. *Waymire*, 218 F.3d at 774. The

Seventh Circuit found *Easterwood* persuasive in concluding that an excessive-speed claim brought under FELA was inconsistent with FRSA's goal of national uniformity and thus superseded by FRSA. *Waymire*, 218 F.3d at 776. The court found it absurd to reach a contrary conclusion when the train was operated identically to the one in *Easterwood* and the Supreme Court had already found that the conduct was not culpable negligence. *Waymire*, 218 F.3d at 776.

●4 However, *Easterwood* acknowledged that FRSA would not preempt a suit for breach of such tort duties as the duty to slow or stop to avoid a specific, individual hazard. The Supreme Court specifically noted that it did not address the question of whether FRSA would preempt more specific allegations relating to speed because of the general nature of the speed claim. *Easterwood*, 507 U.S. at 675 n.15, 123 L. Ed. 2d at 404 n.15, 113 S. Ct. at 1743 n.15. Unlike the complaints in *Easterwood* and *Waymire*, plaintiff's complaint contains allegations more specific than just "time and place." Because of the specific nature of the allegations in this case, FRSA does not "cover" the matter raised by plaintiff's FELA claim. We find, therefore, that we can give effect to both statutes and that FRSA does not supersede all of plaintiff's FELA claims.

Furthermore, we respectfully disagree with *Waymire*'s application of *Easterwood* to a claim brought under FELA. *Easterwood* did not address the effect, if any, of FRSA on a FELA claim. Moreover, FELA is the exclusive remedy for injured railroad employees. *Wabash R.R. Co. v. Hayes*, 234 U.S. 86, 89, 58 L. Ed. 1226, 1230, 34 S. Ct. 729, 729 (1914). In *Isbell v. Union Pacific R.R. Co.*, 318 Ill. App. 3d 1011, 1022, 745 N.E.2d 53, 61 (2001), the court found that to hold that the plaintiff's negligence claim was preempted by FRSA would be a great injustice because preemption would have left the plaintiff with no legal recourse. As in *Isbell*, if we were to hold plaintiff's excessive-speed claim was superseded by FRSA, plaintiff would be left with no legal recourse. If Congress had intended FRSA to abolish FELA remedies for railroad employees, we believe Congress would have said so explicitly.

We are not alone in finding that FRSA does not supersede a claim brought under FELA. In *Earwood v. Norfolk Southern Ry. Co.*, 845 F. Supp. 880, 885 (N.D. Ga. 1993), the court found that FRSA did not preclude plaintiff's unsafe-speed claims brought under FELA because the two statutes did not cover the same areas. The court further noted that FRSA was not directed at the standard of care owed an employee by the railroad. Thus, no intolerable conflict between the two statutes existed. *Earwood*, 845 F. Supp. at 885.

We recognize that *Waymire* is a Seventh Circuit case. However, we

are not required to follow Seventh Circuit precedent interpreting federal statutes where, as here, the Supreme Court has not ruled on the question presented, a split of authority among the lower federal courts exists, and we believe that the Seventh Circuit case was wrongly decided. See *Weiland v. Telectronics Pacing Systems, Inc.*, 188 Ill. 2d 415, 423, 721 N.E.2d 1149, 1154 (1999); *Wilson*, 187 Ill. 2d at 381, 718 N.E.2d at 179.

### 2. *Other Claims*

●5 Plaintiff next contends that the trial court erred in granting summary judgment on plaintiff's other claims. While the standard of proof is lower in a FELA case, FELA is not an insurance statute. *Williams*, 161 F.3d at 1061. A FELA plaintiff that fails to produce even the slightest evidence of negligence will lose on summary judgment. *Williams*, 161 F.3d at 1061-62. With a FELA claim, the plaintiff must offer evidence proving the common-law elements of negligence: duty, breach, foreseeability, and causation. *Williams*, 161 F.3d at 1062.

●6 In its motion for summary judgment, defendant pointed to plaintiff's deposition testimony in which he states his only criticism of the railroad was the speed at which the train was traveling. In his response to defendant's motion, plaintiff did not dispute his deposition testimony or assert that he is not an expert witness. Further, plaintiff did not present any other testimony supporting his allegations of defendant's negligence, other than the speed claim. Thus, no questions of fact existed as to defendant's negligence on those claims. Accordingly, we must affirm the trial court's grant of summary judgment as to the additional negligence claims, other than speed.

### B. Leave To Amend Plaintiff's Complaint

●7 Last, plaintiff argues that the trial court erred in denying his petition for leave to file an amended complaint. Plaintiff sought to add a second count to his complaint under the Boiler Inspection Act (49 U.S.C. §§ 20701 through 20703 (1994)). A trial court has broad discretion in deciding a motion to amend pleadings, and a reviewing court will not reverse the trial court's decision absent a manifest abuse of that discretion. *Chandler v. Doherty*, 314 Ill. App. 3d 320, 323, 731 N.E.2d 1007, 1010 (2000).

●8 Before we can examine the merits of plaintiff's argument, we must address plaintiff's motion to supplement the record on appeal with a copy of the proposed amended complaint, which we have taken with the case. Defendant opposes the supplementation of the complaint, arguing that plaintiff did not timely file the motion and the motion is not file-stamped. However, defendant fails to contend that the proposed amended complaint was not before the trial court. While

the copy attached to the motion to supplement was not file-stamped, an identical copy of the proposed amended complaint attached to plaintiff's brief was file-stamped. We will grant plaintiff's motion to supplement.

●9 In determining whether to allow an amendment to a complaint, a trial court is to consider whether (1) the proposed amendment would cure the defective pleading, (2) previous opportunities to amend the pleading could be identified, (3) other parties would sustain prejudice or surprise by virtue of the amendment, and (4) the proposed amendment is timely. *Chandler*, 314 Ill. App. 3d at 323, 731 N.E.2d at 1010.

In support of his argument, plaintiff cites *Giacalone v. Chicago Park District*, 231 Ill. App. 3d 639, 596 N.E.2d 731 (1992). There, the First District reversed the trial court's denial of the plaintiff's motion to file her amended complaint because the plaintiff satisfied the four-factor test. *Giacalone*, 231 Ill. App. 3d at 645, 596 N.E.2d at 735. The proposed amended complaint would have cured the defect in the original complaint, it was submitted during the pleading stage, it was plaintiff's first opportunity and attempt to amend, and it did not surprise or prejudice the defendant. *Giacalone*, 231 Ill. App. 3d at 643-45, 596 N.E.2d at 733-35.

●10 Here, however, the amended complaint does not cure the defects in the original pleading. The first count of the amended complaint raises the same FELA claims as in the original complaint. The second count alleges a violation of the Boiler Inspection Act, asserting (1) the train was not in a proper and safe condition because of a defective door handle, (2) defendant failed to inspect the train, and (3) the engine of the train was not equipped with a reasonably safe door for crewmen to exit. No evidence in the record supports such claims. Because the proposed amended complaint did not cure the original complaint's defects, we need not address the other three factors, and we find that the trial court did not abuse its discretion in denying plaintiff's motion to file the amended complaint.

## III. CONCLUSION

Accordingly, we affirm summary judgment on subsections (a), (b), (d), and (e) of section 8 of count I, reverse summary judgment on subsection (c) of section 8 of count I, and remand for further proceedings consistent with this order.

Affirmed in part and reversed in part; cause remanded.

STEIGMANN, P.J., and COOK, J., concur.