DORIS J. EVANS, Plaintiff-Appellant, v. UNITED BANK OF ILLINOIS, N.A., Trust No. 1233, Defendant (Barb Atwood, Defendant-Appellee).

Second District   No. 2—91—0704

Opinion filed March 18, 1992.

William T. Cacciatore, of Bruscato & Cacciatore, of Rockford, for appellant.

Donald M. Mateer and Teresa R. Maher, both of Mateer & Associates, of Rockford, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Doris J. Evans, appeals from an order of the circuit court which denied her motion to reconsider the entry of summary judgment in favor of defendant, Barb Atwood. Plaintiff raises on appeal two issues: whether there is a question of material fact regarding whether a landlord is absolved of a duty to a third party who slipped on an unnatural accumulation of snow and ice when the leases provided that the lessees had the duty to remove snow and ice; and whether the trial court erred in denying plaintiff leave to amend her complaint following the entry of summary judgment in favor of defendant.

On September 19, 1989, plaintiff filed a two-count complaint for personal injuries. In count I, plaintiff alleged that United Bank of Illinois (bank), as record owner under a trust of the property at 7817 Second Street, Loves Park, Illinois, was negligent by allowing or causing an unnatural accumulation of snow and ice on its property, or by failing to warn plaintiff of the hazardous condition or to exercise ordinary care. Plaintiff further alleged that, as a proximate result of the bank's negligence, plaintiff slipped and fell on the ice and snow, injuring her leg and ankle. In count II, plaintiff alleged the same acts of negligence by defendant Atwood as owner of the property. On June 29, 1990, plaintiff voluntarily dismissed count I of the complaint, and the bank is not a party to this appeal.

Defendant filed a motion for summary judgment regarding the remaining count of the complaint. According to defendant, she was not liable as a matter of law because the premises were wholly demised to Shirley Mitchell, Ross and Roberta Anderson, and Mr. Haney. In her affidavit, defendant stated that she did not retain control over the

walks, driveways and parking spaces according to the terms of the leases. In each of the leases, the premises leased to each tenant are described as an area of square feet (all less than 800 square feet) "located upon premises commonly known as 7817 North Second Street." Each of the leases also provided:

"MAINTENANCE AND REPAIRS

Lessor shall pay the cost of maintaining and repairing the heating, plumbing, and electrical systems and the exterior of the leased premises except for the removal of snow and the repair or replacement of broken windows. Lessee shall pay the cost of all other interior repair and maintenance and shall be responsible for snow removal from walks, driveways, and parking spaces ***."

According to defendant, the leases established that she did not retain control of the leased premises and, therefore, lessor immunity applied. Plaintiff responded that merely because the lessee agreed in a lease to assume responsibility for the removal of snow and ice, such agreement did not relieve the lessor of liability to third parties for areas under the control of the lessor, such as common areas. Without explanation, the trial court granted the motion for summary judgment.

Within 30 days, plaintiff filed a motion to reconsider the entry of summary judgment for defendant. While that motion was pending, plaintiff also filed a motion for leave to amend count II of the complaint. On May 24, 1991, the court denied the motion to reconsider.

Plaintiff then filed a motion for clarification alerting the court to the fact that the motion to amend was still pending. According to the record sheet, the court denied the motion for clarification on June 7, 1991. However, the court heard arguments regarding the motion to amend and permitted plaintiff to include a proposed amended complaint in the record. The court denied the motion to amend on June 18, 1991. Plaintiff's timely appeal followed.

Plaintiff first contends that the trial court erred in denying her motion to reconsider the entry of summary judgment. The decision whether to grant a motion to reconsider is a matter of the trial court's discretion. (*Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 1007.) However, the review of such a determination necessarily entails a consideration of the propriety of the entry of summary judgment in favor of defendant.

Summary judgment is proper when the pleadings, depositions, affidavits and admissions show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Farm Credit Bank*

*v. Whitlock* (1991), 144 Ill. 2d 440, 446-47.) Summary judgment is a drastic remedy, and it should be granted only when the right of the moving party is free from doubt. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.

The central question is whether defendant, as landlord, owed any duty to plaintiff, a third party, when the premises were demised to tenants. For guidance, we turn to the supreme court's discussion of the issue in *Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236:

> "Generally, the tenant who is in possession, not the landlord, is liable for injuries sustained by third persons because of a failure to keep the property in repair. [Citations.] 'The basic rationale for lessor immunity has been that the lease is a conveyance of property which ends the lessor's control over the premises, a prerequisite to the imposition of tort liability.' [Citation.] Thus, under the general rule, only *** the party in possession and control of the entire premises[ ] could be held liable for injuries to persons on the property." *Wright*, 109 Ill. 2d at 238-39.

Plaintiff argues that summary judgment was improper because there remained a question regarding whether defendant maintained control over the parking lot and sidewalks outside of the stores. Plaintiff relies on the rule that, if a lessor retains control of a portion of the leased premises, it has the duty to use ordinary care in maintaining the retained portion in a reasonably safe condition. *Rowe v. State Bank* (1988), 125 Ill. 2d 203, 220.

Defendant argues that summary judgment properly was entered in her favor because plaintiff failed to present any evidence that the source of the ice on which she fell was an unnatural accumulation. Defendant sought summary judgment on the ground that she had no duty to plaintiff to remove the ice and snow, and she raises the natural accumulation argument for the first time on appeal.

"The rule that a defense not raised in the trial court is regarded as waived and may not be raised for the first time in a reviewing court is a rule only insofar as an appellant is concerned; an appellee may urge any point in support of judgment on appeal, so long as a factual basis for such point was before the trial court." (*Jackson v. Chicago Board of Education* (1989), 192 Ill. App. 3d 1093, 1099.) However, "[w]hile the issue raised on appeal need not have been previously ruled upon, it must at least be commensurate with the issues presented at trial." (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 509.) "[T]o permit a change of theory on review 'would not only greatly prejudice the opposing party but would

also weaken our system of appellate jurisdiction.' " (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 148, quoting *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 548-49.) Employing the waiver rule against an appellee is particularly apt "if the opposing party could have introduced evidence to contest or refute the assertions made on appeal, had he an opportunity to do so in the trial court" (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279).

■ In the present cause the trial court was never presented with the question of the nature of the accumulation. No depositions were included in the record, nor was any evidence regarding the nature of the accumulation. Had defendant raised this issue in the trial court, plaintiff could have come forward with evidence regarding the accumulation. We conclude that plaintiff would be prejudiced if we were to consider this argument; therefore, it is waived. Moreover, plaintiff was not required to prove her case at the summary judgment stage. *Knief v. Sotos* (1989), 181 Ill. App. 3d 959, 963.

The basis of defendant's summary judgment motion was that because of the leases defendant did not have a duty to remove any snow and ice. Plaintiff responded that defendant still had the duty to keep the premises under her control in a reasonably safe condition. Defendant has not addressed on appeal plaintiff's argument that the tenants controlled only the stores themselves and that, despite the tenants' agreements to assume the duty to remove ice and snow, defendant retained control of the premises outside of the individual stores.

■ The interpretation of a lease as a matter of law is proper when the terms are clear and definite. (*Douglas Theater Corp. v. Chicago Title & Trust Co.* (1991), 210 Ill. App. 3d 301, 309.) If the terms are ambiguous, extrinsic evidence may be necessary to interpret the lease in accordance with the parties' intention. (*Harris Trust & Savings Bank v. La Salle National Bank* (1990), 208 Ill. App. 3d 447, 453.) Terms are ambiguous if they are reasonably susceptible to more than one meaning. (*Harris Trust*, 208 Ill. App. 3d at 453.) The agreements of the lessees to remove snow and ice are ambiguous because they could be interpreted as implicating an intention of the landlord to relinquish entirely control of the sidewalks and the parking lot, or, on the contrary, the lease terms may indicate an intention by the landlord to retain control of these areas but to delegate to the tenants the responsibility for removing snow and ice. Merely because the tenants may have assumed the duty to remove snow and ice does not remove the duty from an otherwise liable landlord. Both the tenant and the landlord may have a coexisting duty to third parties based on the

lease terms. *Cochran v. Great Atlantic & Pacific Tea Co.* (1990), 203 Ill. App. 3d 935, 938.

We conclude that summary judgment was not proper because questions remain regarding whether defendant retained control of the exterior of the shopping center. The leases state that the demised premises consisted of an area of square feet, but they do not specify whether that area included the sidewalks outside the stores or the parking lot. Since summary judgment should not have been entered for defendant, it is clear that the trial court abused its discretion in failing to grant plaintiff's motion to reconsider.

Plaintiff also contends that the trial court erred in denying her motion to clarify the trial court's order which denied the motion to reconsider. We interpret this contention as challenging the decision of the trial court which denied plaintiff leave to amend her complaint.

■ Pursuant to section 2—1005(g) of the Code of Civil Procedure, a plaintiff may amend her complaint after the entry of summary judgment "upon just and reasonable terms." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(g).) Plaintiff argues that she should have been allowed to amend her complaint to add an allegation regarding the exact location on the premises where she fell, the parking lot. We also note that plaintiff's proposed amendment would have also added an allegation that the unnatural accumulation was caused by a depression in the parking lot and the placement of the drain. Plaintiff posits that we should follow *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, for the appropriate standards to determine whether an amendment should be permitted after the entry of summary judgment for the defendant. *Siebert*, in turn, relied on the factors listed in *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373. According to *Kupianen*, to determine whether the trial court abused its discretion in denying leave to amend a complaint, the reviewing court should consider:

> "[W]hether the proposed amendment would cure the defective pleading [citation]; whether other parties would sustain prejudice or surprise by virtue of the proposed amendment [citations]; the timeliness of the proposed amendment [citation]; and whether previous opportunities to amend the pleadings could be identified." *Kupianen*, 107 Ill. App. 3d at 377.

Defendant responds that the trial court did not abuse its discretion in denying plaintiff leave to amend because plaintiff had prior opportunities to amend the complaint and she has not justified why she could not have alleged these facts prior to the summary judgment hearing. Defendant relies on *Hill v. Jones* (1990), 198 Ill. App. 3d

854, and *Loyola Academy v. S&S Roof Maintenance, Inc.* (1990), 198 Ill. App. 3d 799.

*Hill* and *Loyola Academy* were decided within one week of each other by the same panel of the Appellate Court, First District. In both cases, the court stated that section 2—1005(g) did not limit amendments to conform the pleadings to the proof presented in the summary judgment hearing. (*Hill*, 198 Ill. App. 3d at 857; *Loyola Academy*, 198 Ill. App. 3d at 802.) However, the court went on to state that it declined to follow *Kupianen*, and it held that "motions to amend pleadings based on information known to the movant before the hearing should be made before the court reaches the summary judgment stage." (*Loyola Academy*, 198 Ill. App. 3d at 803; see also *Hill*, 198 Ill. App. 3d at 858.) Justice McMorrow dissented in both cases, explaining:

> "Although the majority ostensibly recognizes the plaintiff's right to amend following summary judgment pursuant to section 2—1005(g) ***, the majority then eviscerates this right by imposing unprecedented and needlessly restrictive limitations on the circumstances in which the plaintiff's right to amend will be permitted. *** In so doing, the majority ignores the admonition of the Code of Civil Procedure that its provisions 'shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties.' [Citation.]
>
> The majority's ruling is contrary to Illinois precedent regarding requests to amend following summary judgment [citations], and fails to accomplish substantial justice. ***
> * * *
> I find neither logic nor wisdom in the majority's ruling. Contrary to the majority's statement that different considerations are applicable depending upon the stage of the proceedings in which the plaintiff first requests to amend its complaint [citation], Illinois courts have applied the factors of *Kupianen* to motions for leave to amend filed following dismissal with prejudice and those filed after the entry of summary judgment." (*Loyola Academy*, 198 Ill. App. 3d at 804-07 (McMorrow, P.J., dissenting).)

(See also *Hill*, 198 Ill. App. 3d at 859-62 (McMorrow, P.J., dissenting).) We agree with Justice McMorrow's well-reasoned dissents. We decline to follow *Hill* and *Loyola Academy*, and instead we choose to follow the well-settled precedent of *Siebert*.

In *Siebert,* the court discussed the relationship between the then-recently enacted section 2—1005(g) and section 2—616 (Ill. Rev. Stat. 1989, ch. 110, pars. 2—616, 2—1005(g)). The court noted that the " 'just and reasonable' " language of section 2—1005(g) was similar to the requirement of section 2—616 that the court permit amendments if it will further the ends of justice. (*Siebert,* 161 Ill. App. 3d at 895.) Consequently, the court determined that the sections were compatible and that it could rely on the *Kupianen* factors (which concerned section 2—616). 161 Ill. App. 3d at 895.

Defendant argues that even if the *Kupianen* factors are applied, the trial court was correct to deny plaintiff's motion to amend. Defendant's arguments, however, are limited to only one of the *Kupianen* factors, whether the pleadings could have been amended previously. In addition to *Hill* and *Loyola Academy,* defendant also cites *Fister/Warren v. Basins, Inc.* (1991), 217 Ill. App. 3d 958. We decline to follow this case as it relies on *Hill* and *Loyola Academy,* and it is factually distinguishable from the present cause in that the amendment permitted after summary judgment was in the form of an affirmative defense to a counterclaim of which the counterdefendant had notice from the inception of the proceedings. (*Fister/Warren,* 217 Ill. App. 3d at 965-66.) Defendant's reliance on *Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, is misplaced as *Delgatto* did not address a motion to amend pursuant to section 2—1005(g).

■ We proceed, then, to analyze the denial of the motion to amend in light of the *Kupianen* factors. First, we consider whether the proposed amendment would cure the defective pleading. (*Kupianen,* 107 Ill. App. 3d at 377.) The proposed amendment specifies that plaintiff fell in the parking lot of the premises, and it also alleges that the defective construction of the parking lot caused the accumulation of snow and ice on which she fell. These allegations would support a judgment for plaintiff even if defendant could prove that she did not retain control of the parking lot. (See *Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 239 (when the landlord has assumed the duty to keep the premises in repair, the landlord may be liable to third parties); *Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 309-10 (lessor liable when latent defect exists at time of leasing).) Thus, plaintiff has satisfied the first factor.

Second, there is nothing in the record to indicate that defendant would sustain prejudice or surprise by virtue of the proposed amendment. (*Kupianen,* 107 Ill. App. 3d at 377.) The proceedings are still in the pleading stage. The proposed amendment was not untimely for the same reason. We disagree with defendant that the motion to

amend the complaint, filed seven months after the motion for summary judgment was filed and two months after the entry of summary judgment, makes the motion untimely. This is particularly in contrast to defendant's cited authority of *Wingate v. Camelot Swim Club, Inc.* (1990), 193 Ill. App. 3d 963, 967, wherein the court found that the trial court did not abuse its discretion in denying leave to amend the third amended complaint four years after the plaintiff filed the original complaint and six years after the injury. By contrast, in the present cause, this was plaintiff's first motion to amend the complaint, and it was less than two years after the filing of the original complaint.

Finally, this was the first opportunity for plaintiff to amend the complaint, since defendant never filed a motion to dismiss the complaint for failure to state a cause of action (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(a)) or a motion for a bill of particulars (Ill. Rev. Stat. 1989, ch. 110, par. 2—607(a)). We therefore conclude that the trial court abused its discretion in denying plaintiff leave to amend her complaint.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.