STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. MARGOT COLLINS *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—92—0443

Opinion filed February 7, 1994.

John P. Goggin, of Chicago, for appellant Margot Collins.

Ialongo & Meyer, of Chicago (James G. Meyer, of counsel), for appellant Earl Collins.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (Frank C. Stevens and James J. Hoffnagle, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendants Margot and Earl Collins appeal an order of the circuit court granting summary judgment to plaintiff State Farm Mutual Automobile Insurance Company on its complaint for declaratory judgment.

The record on appeal indicates the following facts. On April 27,

1990, plaintiff filed a complaint for declaratory judgment. The allegations of that complaint are as follows. Plaintiff issued an automobile liability insurance policy to Earl Collins on a 1981 Cadillac on April 27, 1985. This policy, which was attached as an exhibit to the complaint, provides coverage for up to $300,000 for bodily injury to each person in the liability section of the policy, but only up to $100,000 for bodily injury to each person under its uninsured motorist section. This policy was in effect at all times relevant to the complaint. Earl Collins was the husband of Margot Collins; the two resided in the same household at all times relevant to the complaint.

On April 9, 1988, Earl was allegedly injured when the 1981 Cadillac was being driven by Margot. Earl subsequently filed suit against Margot in the circuit court of Cook County, alleging he was injured as a result of Margot's negligence. A copy of the complaint Earl filed against Margot in the underlying suit, attached as an exhibit to plaintiff's complaint in this case, alleges that Earl was struck by the open door of the 1981 Cadillac while Margot was backing the car down a ramp located on her premises.

The insurance policy issued by plaintiff contains the following provision:

"When Coverage Does Not Apply

In addition to the limitations of coverage in 'Who Is An Insured' and 'Trailer Coverage':

THERE IS NO COVERAGE:

***

2. FOR ANY BODILY INJURY TO:

***

c. ANY MEMBER OF THE FAMILY OF THE INSURED RESIDING IN THE SAME HOUSEHOLD AS THE INSURED:

The term 'insured' as used here means the person against whom claim is made or suit is brought."

Plaintiff alleged that this provision of the policy excludes any liability coverage for any injuries sustained by Earl Collins in the aforementioned incident.

Defendants each filed an answer that admits the factual allegations of plaintiff's complaint but denies the conclusion that there is no liability coverage in this case. Plaintiff moved for summary judgment based on the above-quoted provision of the insurance policy. Defendants responded that the so-called "family exclusion" or "member of the household exclusion" was void as violative of public policy following an amendment of the Illinois Rights of Married Women Act (Married Women Act) (Ill. Rev. Stat. 1989, ch. 40, par.

1001), effective on January 1, 1988, that abrogated interspousal tort immunity. Defendants also argued that the exclusion contravened the provisions of the financial responsibility act in force at the time of the accident (Ill. Rev. Stat. 1989, ch. 95$^{1}$/$_{2}$, par. 7—100 *et seq.*).

Following a hearing on the matter, the trial court denied plaintiff's motion for summary judgment, indicating that it believed there was a question of material fact regarding the financial responsibility law. Plaintiff filed a motion to reconsider, arguing that there was no such factual issue; rather, there was only the legal question of whether the policy exclusion conflicted with Illinois public policy. On November 15, 1991, the trial court issued a memorandum of opinion agreeing that the question was one of law and concluding that the policy exclusion did not violate public policy. The trial court entered an order reflecting this opinion on January 3, 1992. Defendants filed a notice of appeal to this court on January 23, 1992.

Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, 21.) The interpretation of an insurance contract is generally governed by the rules for interpreting any other contract. (*Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 1021, 557 N.E.2d 1281, 1285.) One such rule is that where the facts are undisputed, the interpretation of a contract is a question of law that may be decided on summary judgment by the trial court and independently reviewed by this court. (*Butler*, 199 Ill. App. 3d at 1021, 557 N.E.2d at 1285.) Another general rule is that Illinois courts will not enforce a contract that is contrary to the public policy of Illinois as reflected in this State's constitution, statutes and judicial decisions. See *O'Hara v. Ahlgren, Blumenfeld & Kempster* (1989), 127 Ill. 2d 333, 341, 537 N.E.2d 730, 734.

Defendants claim that the "member of the household" exclusion violates the public policy of this State as expressed in the amended Married Women Act and the financial responsibility law. These claims have been considered and rejected by this court in *Safeco Insurance Co. v. Seck* (1992), 225 Ill. App. 3d 397, 587 N.E.2d 1251. Because Illinois courts have traditionally upheld the validity of "member of the household" exclusions (see *Seck*, 225 Ill. App. 3d at 399-400, 587 N.E.2d at 1253), defendants rely primarily on the decisions of other jurisdictions in support of their arguments. (See, *e.g.*, Annot., 52 A.L.R.4th 18 (1987); Annot., 46 A.L.R.4th 1024 (1986).)

4

However, it is well established that where the public policy of Illinois may be found in this State's constitution, statutes and judicial decisions, the public policies of other States are not persuasive. See *Tripp v. Payne* (1930), 339 Ill. 178, 181, 171 N.E. 131, 133, *overruled on other grounds, In re Estate of Gerbing* (1975), 61 Ill. 2d 503, 337 N.E.2d 29.

Given the factual similarity of this case to *Seck*, we deem it to be controlling. Defendants have failed to convince this court that *Seck* was wrongly decided. Consequently, defendants have failed to show that the trial court erred in granting summary judgment.

For all of the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

O'CONNOR and MANNING, JJ., concur.