GAIL M. SANDSTROM, Adm'r of the Estate of Pamela F. Witek, Deceased, Plaintiff-Appellant, v. PARAKRAMA DE SILVA, Defendant (Cornell Village Townhouse Homeowner's Association, Defendant-Appellee).

First District (3rd Division)   No. 1—93—4348

Opinion filed December 14, 1994.

Carl F. Schroeder, of Schroeder & Hruby, Ltd., of Wheaton, for appellant.

Rittenhouse, Malek & McCarthy, of Chicago (Edward J. Malek, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Gail Sandstrom brought this wrongful death and survival action, as administrator of the estate of Pamela Witek, against defendants Parakrama De Silva and the Cornell Village Townhouse Owner's Association (the Association) on grounds that defendants did not equip and maintain a smoke detector in De Silva's townhouse. Plaintiff's decedent, a guest in De Silva's townhouse, died as a result of a fire.

The Association moved for summary judgment claiming it had no statutory duty to provide a smoke detector in De Silva's townhouse since it did not "own, possess or control" the unit, and the trial court granted the motion from which plaintiff now appeals.

The sole issue raised on appeal is whether the Illinois Smoke Detector Act (425 ILCS 60/1 *et seq.* (West 1992) (the Act))[1] or the City of Chicago Smoke Detector Ordinance (Chicago Municipal Code § 13—196—100 *et seq.* (1990) (the Ordinance))[2] requires a townhouse owners' association to equip the individual units with smoke detectors.

We affirm and file this opinion pursuant to Illinois Supreme Court

---

[1]Section 3 of the Act provides in pertinent part:

"(a) Every dwelling unit shall be equipped with at least one approved smoke detector in an operating condition within 15 feet of every room used for sleeping purposes. ***

***

(c) Every structure which (1) contains more than one dwelling unit *** shall contain at least one approved smoke detector at the uppermost ceiling of each interior stairwell. ***

(d) It shall be the responsibility of the owner of a structure to supply and install all required detectors." 425 ILCS 60/3 (West 1992).

[2]Section 110 of the Ordinance mandates that:

"Every owner, manager or agent of any building *** shall install, in every dwelling unit, not less than one approved smoke detector on the uppermost ceiling *** and within 15 feet of all rooms used for sleeping purposes, with not less than one detector per living level

Rule 23(a)(1) (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23(a)(1), eff. July 1, 1994).

On June 2, 1991, Pamela Witek died in a fire while a guest in De Silva's townhouse allegedly due to the negligent wiring of the townhouse, which was not equipped with a smoke detector. De Silva's ownership of the townhouse is not at issue.

De Silva's unit was situated in a residential development commonly known as Cornell Village, which consists of two separate brick buildings each containing nine units. Each of the units contains two stories and a basement with a single entrance to the exterior of each unit. Each unit also has its own address and is separated from neighboring townhouses by fire walls.

Cornell Village was organized under the Illinois Condominium Property Act (765 ILCS 605/1 (West 1992)) and adopted a declaration and bylaws to define the rights and obligations of the unit owners and their association (the Declaration). Under article I of the Declaration, the property is divided into two portions: the individual townhouses and the common elements, which consist of all portions of the property except the units (*i.e.*, outside walls, stairways, entrances and exits, and the structural parts of the buildings). Article V vests the administration of the property in a board of managers of the homeowners' association (the Board), which is granted certain powers including the maintenance and repair of any unit:

> "[I]f such maintenance or repair is necessary, in the discretion of the Board, to protect the Common Elements, or any other portion of the Building, *and* an Owner of any Unit has failed or refused to perform said maintenance or repair within a reasonable time after written notice[.]" (Emphasis added.)

The Declaration allows the Board or its agents, upon reasonable notice, to enter any unit when necessary in connection with any maintenance or construction for which it is responsible. The Declaration provides that the Association shall acquire and pay out of the maintenance fund "such furnishings and equipment of the *Common Elements* as the Board shall determine are necessary and proper" (emphasis added), and any other materials which the Board is required to secure or pay for by law.

Marie Williams, managing agent of the Association, stated in her affidavit attached to the summary judgment motion that each townhouse owner has an undivided percentage interest in the common

---

containing a habitable room or unenclosed heating plant." Chicago Municipal Code § 13—196—110 (1990).

elements as a tenant in common with all other owners of the property as set forth in the Declaration. She later testified in a deposition that the Association has no ownership interest in De Silva's townhouse; any repairs or maintenance within the townhouses is the unit owner's responsibility unless otherwise defined by the common elements as set forth in the Declaration.

According to Williams, the Association is only responsible for the exterior of the building and common elements. Further, the Association plays no role in leasing any of the townhouses.

Plaintiff argues the trial court erred by granting the Association's summary judgment motion and that the Act and the Ordinance impose upon a homeowners' association the obligation to install smoke detectors.

Summary judgment is proper only where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (See *Uehara v. Schlade* (1992), 236 Ill. App. 3d 252, 259, 603 N.E.2d 646 (condominium owner who installed smoke detector and then leased unit had no duty under condominium association bylaws to maintain the detector and, hence, was not liable for damages to neighboring owner's unit from fire).) This court reviews summary judgment orders *de novo* and may affirm the trial court's result on any basis the record permits, even if not the ground on which the court based its ruling. *Uehara*, 236 Ill. App. 3d at 260.

To determine whether the Association had a duty to install a smoke detector in De Silva's townhouse, we must first examine the language of the Act and the Ordinance bearing in mind that the primary rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. *Scadron v. City of Des Plaines* (1992), 153 Ill. 2d 164, 185, 606 N.E.2d 1154.

■ The Act provides that every dwelling unit "shall be equipped with at least one approved smoke detector in an operating condition within 15 feet of every room used for sleeping purposes." (425 ILCS 60/3(a) (West 1992).) A "dwelling unit" is defined as "a room or suite of rooms used for human habitation, and includes a single family residence as well as each living unit of a multiple family residence and each living unit in a mixed-use building." (425 ILCS 60/2 (West 1992).) The Act also places the responsibility to supply and install all required detectors on the "owner of a structure," who is responsible for "making reasonable efforts to test and maintain detectors in common stairwells and hallways." (425 ILCS 60/3(d) (West 1992).) The Act does not define "structure," "building" or "owner."

■ The Association is not an owner of the unit and is not, generally, responsible for the duties for which individual owners are obligated within the confines of their respective units. The Act does, by its express terms, include in the profile of an "owner" one responsible for the placement of detectors in certain areas. However, this condominium has no common interior (*i.e.,* stairwells or hallways) which would require the placement of detectors.

Moreover, the Act distinguishes an "owner of a structure" from a tenant, *i.e.,* "The owner shall be responsible for providing one tenant per dwelling unit with written information regarding detector testing and maintenance." (425 ILCS 60/3(d) (West 1992); see *Bybee v. O'Hagen* (1993), 243 Ill. App. 3d 49, 612 N.E.2d 99 (mobile home tenant has private right of action against landlord for alleged violations of Smoke Detector Act).) Since each townhouse owner has the sole authority to lease his or her premises, under the Act the individual townhouse owner appears to have the responsibility to install smoke detectors within his or her own unit. The reasoning set forth in *Uehara* supports this principle, applying the statute at issue to require the landlord "to provide operable smoke detectors at the outset of [the tenant's] lease term." (*Uehara,* 236 Ill. App. 3d at 263.) In other words, by distinguishing between "owners of a structure" and tenants, the Act charges owners of rental units (*i.e.,* residential apartments) with the installation of smoke detectors rather than a homeowners' association, which does not own any individual residences.

The Ordinance provides that every "owner, manager or agent of any building" shall install in every dwelling unit not less than one approved smoke detector. (Chicago Municipal Code § 13—196—110 (1990).) Under the Ordinance, an owner is defined as including "the owner, his agent for the purpose of managing, controlling or collecting rents, any other person managing or controlling a building or premises or any part thereof and any person entitled to the control or direction of the management or disposition of a building or premises or of any part thereof." (Chicago Municipal Code § 13—4—010 (1990).) The Ordinance defines a "building" as "a structure, or part thereof, enclosing any occupancy" for various, including residential, uses; "When separated by fire walls, each unit so separated shall be deemed a separate building." (Chicago Municipal Code § 13—4—010(c) (1990).) While the Ordinance clearly provides each unit owner with the obligation to install a detector, establishing each unit as a separate building would appear to absolve the Association from liability.

Since the language of the Act and the Ordinance do not require a

townhouse owners' association to install smoke detectors in the individual units, we need not consider the issue of whether the Act preempts the Ordinance.

For the foregoing reasons, we affirm the trial court.

Affirmed.

TULLY, P.J., and CERDA, J., concur.