702 N.E.2d 629 (1998)
299 Ill. App.3d 843
234 Ill.Dec. 289
Mae Sylvia SCHANOWITZ, Independent Adm'r of the Estate of Marlee Anne Kalmin, Deceased, Plaintiff and Counterdefendant-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants and Counterplaintiffs-Appellants (Fred Kalmin, Defendant and Counterdefendant-Appellee).
No. 2-97-1015.
Appellate Court of Illinois, Second District.
November 2, 1998.
*630 Frank C. Stevens, John R. Adams, Taylor, Miller, Sprowl, Hoffnagle & Merletti, Chicago, for State Farm Mutual Automobile Ins. Co.
Leo M. Bleiman, Laura Monahan Jarvis, Leo M. Bleiman & Associates, Chicago, for Mae Sylvia Schanowitz.
Charles W. Smith, Rosing, Smith, Ericksen, Zeit & Stanczak, Ltd., Waukegan, for Fred Kalmin.
Justice McLAREN delivered the opinion of the court:
The defendants and counterplaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Insurance Company (collectively, State Farm), appeal an order of the trial court granting the motion of plaintiff and counterdefendant, Mae Sylvia Schanowitz (Schanowitz), for summary judgment declaring that the household exclusions contained in State Farm's insurance policies were void as against public policy. Therefore, the trial court declared that an umbrella policy issued to Fred Kalmin by State Farm provided coverage for the death of Fred's daughter in the amount of $1 million. We reverse and remand for further proceedings.
On December 23, 1995, Fred struck his daughter, two-year-old Marlee Anne, with his car as he backed out of his garage at their home in Buffalo Grove. Marlee Anne died as a result of injuries caused by the accident.
At the time of the accident, Fred Kalmin was insured under two policies issued by State Farm, a primary automobile liability policy and a public liability umbrella policy (umbrella policy). The primary automobile liability insurance policy provided coverage limits for bodily injury of $100,000 per person and $300,000 per occurrence and uninsured and underinsured motorist coverage for the same amounts. The umbrella policy provided coverage limits of $1 million for liability and uninsured and underinsured motorist coverage.
After the accident Fred presented a claim to State Farm for the payment of benefits from both policies in the amount of $1 million. State Farm replied that the accident was covered only by the uninsured liability provision of the primary automobile liability policy for the amount of $100,000. State Farm explained that the accident was not *631 covered by the uninsured motorist provision of the umbrella policy because the umbrella policy excluded Fred's vehicle from the definition of "uninsured vehicle."
The household exclusion in the primary automobile liability policy provided:
"THERE IS NO COVERAGE * * *
* * *
2. for any BODILY INJURY TO:
* * *
c. ANY MEMBER OF THE FAMILY OF THE INSURED, RELATED BY BLOOD, MARRIAGE OR ADOPTION, RESIDING IN THE SAME HOUSEHOLD AS THE INSURED. This does not apply when:
(1) a third party has a right of contribution against a member of the injured person's family; or
(2) any person not in the household of the named insured was driving the vehicle of the named insured involved in the accident which is the subject of the claim or lawsuit."
The household exclusion in the umbrella policy provided:
"EXCLUSIONS
We will not provide insurance:
* * *
10. for bodily injury or personal injury to the named insured, spouse, or anyone within the meaning of part a. or b. of the definition of insured."
The referenced parts a. and b. of the umbrella policy define insured as:
"a. the named insureds;
b. the following residents of the named insured's household:
(1) the named insured's relatives; and
(2) anyone under the age of 21 under the care of a person named above[.]"
Further, the umbrella policy's uninsured motorist provision provided:
"An uninsured motor vehicle does not include a land vehicle:
1. insured under the liability coverage of this policy;
2. furnished for your regular use."
Mae Sylvia Schanowitz, who was appointed independent administrator of Marlee Anne's estate, filed a suit against Fred for the wrongful death of Marlee Anne. Schanowitz also filed a declaratory judgment suit against State Farm and Fred, seeking a declaration, in part, that Marlee Anne's death was covered by both policies, Marlee Anne's estate was entitled to benefits in the amount of $1 million, and the exclusion contained in the uninsured motorist provision of the umbrella policy violated public policy.
State Farm tendered the defense of the suit filed against Fred under a reservation of rights. State Farm then filed a counterclaim for declaratory judgment seeking a declaration that there was no liability coverage afforded to Fred arising from the death of Marlee Anne under either policy due to the household exclusions contained in both policies. State Farm also alleged that it had no duty to indemnify or defend Fred in any action brought by Marlee Anne's estate.
State Farm filed a motion for summary judgment based upon its counterclaim and filed a motion for summary judgment based upon Marlee Anne's estate's declaratory judgment claim. This second motion alleged that, because both policies excluded liability coverage for household members, neither policy provided liability coverage to Fred for the death of Marlee Anne. The motion also alleged that Marlee Anne was covered only under the primary automobile policy's uninsured motorist provision in the amount of $100,000. Finally, the motion alleged that the umbrella policy did not provide uninsured motorist coverage to Marlee Anne because the umbrella policy excluded Fred's automobile from the definition of "uninsured motor vehicle."
Subsequently, Schanowitz filed a cross-motion for summary judgment based on her declaratory judgment claim, arguing that the household exclusions were invalid because they were contrary to public policy in light of the abrogation of parent-child immunity expressed in Cotes v. Cates, 156 Ill.2d 76, 189 Ill.Dec. 14, 619 N.E.2d 715 (1993). Thus, according to Schanowitz, Fred was entitled *632 to coverage under both State Farm policies for the accidental death of Marlee Anne.
The trial court entered an order denying State Farm's motion and granting Schanowitz's motion and declared that the household exclusions were void as against public policy, citing Cotes (156 Ill.2d 76,189 Ill.Dec. 14, 619 N.E.2d 715). Thus, the trial court found that both policies provided liability coverage for the injuries and death of Marlee Anne. Because of its ruling, the trial court did not address whether the State Farm policies provided coverage under the uninsured coverage provisions.
On appeal, State Farm argues that the trial court erred by granting summary judgment in Schanowitz's favor and by declaring that the abrogation of parent-child immunity invalidates the household exclusion provisions contained in the insurance policies at issue. The facts of this case are not in dispute. We are asked to address a legal question involving the construction of an insurance contract.
Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Dowd & Dowd Ltd. v. Gleason, 181 Ill.2d 460, 483, 230 Ill.Dec. 229, 693 N.E.2d 358 (1998). Insurance policies are contracts, and, as such, must be interpreted in accordance with the rules of contract construction. Willison v. Economy Fire & Casualty Co., 294 Ill.App.3d 793, 797, 229 Ill.Dec. 26, 690 N.E.2d 1073 (1998). Because the construction of an insurance policy is a question of law, it is subject to de novo review. American States Insurance Co. v. Koloms, 177 Ill.2d 473, 479-80, 227 Ill.Dec. 149, 687 N.E.2d 72 (1997).
It is well established that, when construing the language of an insurance policy, courts must ascertain and give effect to the intention of the parties as expressed in their agreement. Koloms, 177 Ill.2d at 479, 227 Ill.Dec. 149,687 N.E.2d 72. Thus, courts must accord terms contained in the policy their plain and ordinary meaning and apply those terms as written unless such application contravenes public policy. State Farm Mutual Automobile Insurance Co. v. Villicana, 181 Ill.2d 436, 441-42, 230 Ill.Dec. 30, 692 N.E.2d 1196 (1998). In addition, a court must construe household exclusion provisions liberally in favor of the insured and against the insurer. Villicana, 181 Ill.2d at 442, 230 Ill.Dec. 30, 692 N.E.2d 1196. However, if a household exclusion provision is clear and unambiguous and does not contravene public policy, it must be applied as written. Safeco Insurance Co. v. Seek, 225 Ill.App.3d 397, 400, 167 Ill.Dec. 636, 587 N.E.2d 1251 (1992).
State Farm claims that the trial court erred by finding that the household exclusions violate the public policy of this state as expressed by our supreme court in Cates, 156 Ill.2d 76, 189 Ill.Dec. 14, 619 N.E.2d 715. An examination of the Cates decision reveals that our supreme court did not address the issue at bar.
In Cates, a minor girl was injured in an automobile accident while riding as a passenger in her father's automobile. The girl sued her father and the driver of the other vehicle involved in the collision. The father's insurer argued that the girl's suit against her father was barred by parent-child immunity. After reviewing the history and policy considerations of the doctrine, our supreme court held that parent-child immunity no longer applied to automobile negligence cases or to any other case not involving "conduct inherent to the parent-child relationship." Cates, 156 Ill.2d at 104-05, 189 Ill.Dec. 14, 619 N.E.2d 715.
Noticeably absent from the court's decision is any language limiting an insurer's ability to limit coverage for household members. By partially abrogating parent-child immunity, our supreme court legally empowered children, permitting them to recover for injuries caused by their parents. Cates, 156 Ill.2d 76, 189 Ill.Dec. 14, 619 N.E.2d 715. However, nothing in the Cates decision indicates that the court intended to guarantee insurance coverage to children. Thus, to the extent that the household exclusions in the case at bar do not prevent a child from suing her parent, they do not contravene public policy as expressed in Cates. See Seek, 225 *633 Ill.App.3d at 403,167 Ill.Dec. 636, 587 N.E.2d 1251 (addressing the effect of the abrogation of interspousal immunity on household exclusions contained in insurance policies). Household exclusions have been traditionally upheld by Illinois courts. See, e.g., Allen v. State Farm Mutual Automobile Insurance Co., 214 Ill.App.3d 729, 158 Ill.Dec. 261, 574 N.E.2d 55 (1991); Seck, 225 Ill.App.3d 397, 167 Ill.Dec. 636, 587 N.E.2d 1251; State Farm Mutual Automobile Insurance Co. v. Collins, 258 Ill.App.3d 1, 3, 196 Ill.Dec. 217, 629 N.E.2d 762 (1994). Thus, absent a clear expression by the courts or the legislature, we will not expand the meaning of Cates to invalidate the household exclusion provision at issue in the case at bar.
Our determination is supported by the effect of the abrogation of interspousal immunity on household exclusions. In Seck (225 Ill.App.3d 397, 167 Ill.Dec. 636, 587 N.E.2d 1251), this court held that the abrogation of interspousal immunity did not invalidate a household exclusion contained in an automobile insurance policy. The Appellate Court, First District, followed the Seck decision in Collins, 258 Ill.App.3d at 3, 196 Ill.Dec. 217, 629 N.E.2d 762. It is noteworthy that our supreme court denied review of Collins. State Farm Mutual Automobile Insurance Co. v. Collins, 156 Ill.2d 567, 202 Ill.Dec. 932, 638 N.E.2d 1126 (1994).
We recognize that Seck and Collins discuss interspousal immunity and not parent-child immunity. However, our supreme court has noted that the policies of both doctrines are the same, namely, maintaining family harmony. Cates, 156 Ill.2d at 102, 189 Ill.Dec. 14, 619 N.E.2d 715. Thus, we believe that the reasoning contained in Seck and Collins regarding interspousal immunity is applicable to the case at bar regarding parent-child immunity.
Further, the only statute addressing household exclusions does not address the issue at bar. The only explicit statutory limitation on household exclusions is section 143.012 of the Illinois Insurance Code, which provides that a household exclusion is inapplicable when a third party acquires a right of contribution against a family member of the injured person or when the insured's vehicle was driven by a person who was not in the insured's household. 215 ILCS 5/143.01 (West 1996). Under the well-known maxim of construction, inclusio unius est exclusio alterius, or the inclusion of one is the exclusion of the other (Rochelle Disposal Service, Inc. v. Pollution Control Board, 266 Ill.App.3d 192, 201, 203 Ill.Dec. 429, 639 N.E.2d 988 (1994)), it is clear that the legislature did not intend to invalidate all household exclusions or to invalidate household exclusions in every case in which a child of the insured is injured.
Next, Schanowitz raises two issues on appeal that were not raised in the trial court below. It is well settled that an appellant who fails to raise an issue in the trial court waives the issue on appeal. Estate of Johnson v. Condell Memorial Hospital, 119 Ill.2d 496, 502, 117 Ill.Dec. 47, 520 N.E.2d 37 (1988). However, an appellee (Schanowitz here) may raise an issue on review which was not presented to the trial court in order to sustain the judgment of the trial court, as long as the factual basis for the issue was before the trial court. Evans v. United Bank of Illinois, 226 Ill.App.3d 526, 530, 168 Ill.Dec. 533, 589 N.E.2d 933 (1992).
Schanowitz's first argument regarding public policy relies on facts that were before the trial court. Thus, we will address the merits. Schanowitz argues that household exclusions are contrary to the public policy expressed in the mandatory insurance law contained in section 7601 of the Illinois Vehicle Code. 625 ILCS 5/7601 (West 1996). Schanowitz ignores the fact that this court rejected this argument in Seck (225 Ill.App.3d at 404, 167 Ill.Dec. 636, 587 N.E.2d 1251). In Seck, this court held that a household exclusion contained in an automobile liability policy did not violate the mandatory insurance law because the exclusion did not bar claims for uninsured motorist benefits. Seck, 225 Ill.App.3d at 404, 167 Ill.Dec. 636, 587 N.E.2d 1251. In the case at bar, State Farm acknowledged that Marlee Anne's accident was covered by the uninsured motorist provision contained in Fred's primary automobile liability policy. Thus, the mandatory insurance law (625 ILCS 5/7601 (West 1996)) does not invalidate the household exclusions at issue in this case.
*634 Next, Schanowitz argues that the household exclusion at issue is invalid because it denies coverage that Fred reasonably believed he was purchasing. Because this argument assumes facts not contained in the record, we will not address it. See Evans, 226 Ill.App.3d at 530, 168 Ill.Dec. 533, 589 N.E.2d 933.
In conclusion, we determine that the trial court erred when it found that the household exclusions contained in the State Farm policies were invalid, both policies provided liability coverage to Fred for Marlee Anne's accident, and Fred was not uninsured for the accident. Thus, the trial court improperly granted Schanowitz's motion for summary judgment on State Farm's counterclaim and improperly denied State Farm's motion for summary judgment on its counterclaim.
The judgment of the circuit court of Lake County is reversed, and the cause is remanded to the trial court for further proceedings on the uninsured coverage issues raised by Schanowitz's complaint.
Reversed and remanded.
RATHJE and HUTCHINSON, JJ., concur.