NO. 4-06-0994          Filed 11/1/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

VERNA CHANDLER and JAMES E. CHANDLER,     )     Appeal from
as Assignees of Otis Doherty,             )     Circuit Court of
            Plaintiffs-Appellants,        )     Champaign County
            v.                            )     No. 01L223
AMERICAN FIRE AND CASUALTY COMPANY of     )
the OHIO CASUALTY GROUP OF INSURANCE      )     Honorable
COMPANIES,                                )     John R. DeLaMar,
            Defendant-Appellee.           )     Judge Presiding.
_____

JUSTICE KNECHT delivered the opinion of the court:

American Fire and Casualty Company (American Fire) refused to defend Otis Doherty when Doherty was sued by Verna and James Chandler for injuries received in an automobile accident. Verna was driving the Chandlers' car when it collided with the car driven by Doherty. Doherty had an automobile insurance policy with American Fire. A default judgment was entered against Doherty in excess of the policy limits on his insurance policy. The Chandlers then sued American Fire to collect the judgment. The Chandlers made a settlement demand to American Fire for policy limits plus interest, which was refused. The trial court granted summary judgment to the Chandlers. American Fire appealed. Prior to filing appellate briefs, the Chandlers made another settlement demand of American Fire, which was again refused. We affirmed the trial court on appeal. The Chandlers filed suit against American Fire for bad-faith failure to settle. The trial court dismissed a count for punitive damages and later granted a motion for summary judgment to American Fire.

The Chandlers appeal, contending (1) an insurer has a good-faith duty to settle a judgment in excess of policy limits upon a demand made after judgment; (2) they filed their action within the applicable statute of limitations; and (3) their complaint stated a cause of action for punitive damages. We affirm.

## I. BACKGROUND

This case began on November 15, 1988, when the Chandlers filed a lawsuit against Doherty, claiming Verna had been injured in an automobile accident with Doherty. American Fire contended from the beginning Doherty was not an insured relative to this claim because he was driving a replica fiberglass Volkswagen-Bugati that was a nonscheduled auto on his policy. American Fire refused all of Doherty's efforts to tender the defense of this claim. On August 19, 1993, the Chandlers obtained a $1,618,678 judgment against Doherty. American Fire failed to defend Doherty in the action.

On December 16, 1993, counsel for Doherty demanded American Fire pay the judgment. On March 2, 1994, American Fire advised no payment would be made.

On October 4, 1994, Doherty assigned any rights he had under the American Fire policy to the Chandlers. The assignment did not relieve Doherty from liability, but the Chandlers promised to proceed against American Fire first. On August 21, 1995, the Chandlers filed their amended complaint for citation and affidavit for order of garnishment against American Fire. On

February 14, 1996, American Fire answered the amended complaint.

On August 1, 1996, the Chandlers offer to settle the entire judgment for the $300,000 policy limits plus interest. On September 4, 1996, American Fire refused the settlement demand. Both parties filed motions for summary judgment and the trial court granted the Chandlers partial summary judgment on January 17, 1998, entering judgment for the $300,000 policy limits plus interest at 9% on the sum of $1,618,678 from August 19, 1993, the date the judgment was entered against Doherty.

American Fire appealed the January 1998 judgment. On March 19, 1998, the Chandlers again offered to settle the entire judgment for policy limits plus interest. American Fire again refused to settle. On November 4, 1998, the trial court's judgment was affirmed. Chandler v. Doherty, 299 Ill. App. 3d 797, 702 N.E.2d 634 (1998).

On June 29, 1999, American Fire filed with the trial court a satisfaction of partial summary judgment indicating payment to the Chandlers of policy limits plus interest for a total of $1,117,836.92. The Chandlers moved to amend their garnishment complaint to add a count alleging bad-faith failure to settle. The trial court allowed leave to amend.

On September 20, 1999, the trial court heard arguments on American Fire's objections to the Chandlers filing an amended complaint for bad-faith failure to settle, and the court denied the motion to amend. The Chandlers appealed. On June 2, 2000, this court affirmed the trial court. Chandler v. Doherty, 314

- 3 -

Ill. App. 3d 320, 731 N.E.2d 1007 (2000).

On August 23, 2000, Doherty assigned his rights to pursue American Fire for bad-faith failure to settle to the Chandlers. On September 4, 2001, the Chandlers filed a complaint against American Fire for bad-faith failure to settle and a second count for punitive damages, alleging willful and wanton breach of American Fire's duty to settle.

On February 25, 2002, the trial court dismissed the count for punitive damages, finding they could not be recovered in an action for bad-faith failure to settle. On September 1, 2006, the court granted summary judgment to American Fire. On October 18, 2006, the court denied the Chandlers' motion to reconsider. This appeal followed.

## II. ANALYSIS

A trial court's grant of summary judgment is subject to a de novo review upon appeal. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).

The issues concerning the statute of limitations question and the bad-faith failure to settle postjudgment are intertwined. The relevant statute of limitations is found in section 13-205 of the Code of Civil Procedure: "*** all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2000); see also Del Bianco v. American Motorists Insurance Co., 73 Ill. App. 3d 743, 747, 392 N.E.2d 120, 124-25 (1979)

- 4 -

(tort actions arising out of contractual obligation are governed by statute of limitations of five years, relying on predecessor statute to section 13-205). Any obligation American Fire had in this case to settle the suit brought against Doherty would arise from its contract of insurance with him. Any bad-faith failure to settle would be a tort arising from this contractual obligation.

The Chandlers contend American Fire's bad-faith failure to settle following either of their settlement demands made after the entry of judgment against Doherty is the breach of duty that triggered the running of the statute of limitations. The Chandlers' first demand to settle was made on August 1, 1996, and refused by American Fire on September 4, 1996. The Chandlers' second settlement demand was made on March 19, 1998. The record indicates the offer to settle was to expire on May 8, 1998. The record does not contain a formal rejection of the offer although the Chandlers pleaded in their complaint American Fire did not accept the offer. Further, the record indicates on October 1, 2001, American Fire filed an appearance and on November 5, 2001, a motion to dismiss. The Chandlers contend their complaint, filed on September 4, 2001, was filed within the five-year statute of limitations from either of their settlement demands.

American Fire argues a settlement demand must be made prior to or during trial, before a verdict is reached on damages, to trigger a bad-faith failure to settle claim. Thus, the Chandlers had five years to file their complaint, i.e., from (1)

August 19, 1993, when the judgment was entered against Doherty for $1.6 million or (2) at the very latest, September 18, 1993, when any appeal by Doherty of the judgment was required to have been on file (see Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303(a)(1)). They missed the deadline by eight years.

The chronology of events in this case is not in dispute. The accident that gave rise to the default judgment occurred almost 19 years ago. The judgment was 14 years ago. The Chandlers never made a settlement demand to American Fire prior to entry of the $1.6 million judgment against Doherty. Therefore, if, as the trial court found, a settlement demand must be made prior the entry of judgment against an insured in order to trigger a claim against an insurance company for bad-faith failure to settle, the Chandlers' complaint against American Fire is clearly barred by the statute of limitations. However, if a cause of action can be stated against an insurance company for bad-faith failure to settle when no settlement demand is made prior to entry of judgment against an insured, but when a postjudgment demand is made and rejected, the Chandlers' complaint was timely filed.

Illinois courts have long recognized an insurer has a duty to act in good faith in responding to settlement offers and if this duty is breached by refusal to settle, the insurer may be liable for the full amount of a judgment against a policyholder, including any amount in excess of policy limits. Haddick v. Valor Insurance, 198 Ill. 2d 409, 414, 763 N.E.2d 299, 303

- 6 -

(2001); <u>Cramer v. Insurance Exchange Agency</u>, 174 Ill. 2d 513, 526, 675 N.E.2d 897, 903 (1996); <u>Krutsinger v. Illinois Casualty Co.</u>, 10 Ill. 2d 518, 527, 141 N.E.2d 16, 21 (1957).

The tort usually referred to as a breach of the "duty to settle" arose from cases involving a policyholder, a liability insurer, and a third party. In the usual circumstances, the insurer has assumed the policyholder's defense under the policy. The third party has sued the policyholder for an amount in excess of the policy limits but has offered to settle for an amount equal to or less than the policy limits. <u>Cramer,</u> 174 Ill. 2d at 525, 675 N.E.2d at 903. If such a settlement is accepted by the insurer, the insured is not at risk for personal liability. The insurer must take the insured's settlement interests into consideration when there is a reasonable probability of (1) recovery in excess of policy limits and (2) a finding liability against the insured. <u>Haddick</u>, 198 Ill. 2d at 419, 763 N.E.2d at 304.

"The 'duty to settle' arises because the policyholder has relinquished defense of the suit to the insurer. The policyholder depends upon the insurer to conduct the defense properly. In these cases, the policyholder has no contractual remedy because the policy does not specifically define the liability insurer's duty when responding to settlement offers. The duty was imposed to deal with the specific problem of claim settlement

- 7 -

abuses by liability insurers where the poli-
cyholder has no contractual remedy." Cramer,
174 Ill. 2d at 526, 675 N.E.2d at 903.

The breach of duty to settle is not a contractual remedy and does not arise at the time the parties enter into the insurance contract.  The duty of an insurer to settle "arises when a claim has been made against the insured and there is a reasonable probability of recovery in excess of policy limits and a reasonable probability of a finding of liability against the insured." Haddick, 198 Ill. 2d at 417, 763 N.E.2d at 304.  The duty does not arise until a third party demands settlement within policy limits.  Haddick, 198 Ill. 2d at 417, 763 N.E.2d at 305.

Because the tort of breach of duty to settle was recognized to combat abuses by liability insurers where a settle-ment offer within policy limits is made prior to trial, the requirement of reasonable probability of both liability and recovery in excess of policy limits has been attached to the tort.  The usual fact pattern where an insurer questions its coverage is to either defend the insured under a reservation of rights or file a declaratory judgment action to determine cover-age.  A duty to settle would usually arise as a result of a pretrial settlement offer made to the insurer.  The breach of the insurer's duty to settle could occur only up to the time any excess judgment is entered against the insured, at which time the insurer can no longer accept the offer to settle.

Under the facts of this case, to trigger the duty to

settle on the part of American Fire, a settlement demand should have been made prior to entry of judgment against Doherty on August 19, 1993. If such a settlement offer had been made and rejected by American Fire, a breach of the duty to settle might have occurred. Any claim for bad-faith failure to settle would have arisen no later than August 19, 1993, and the statute of limitations for filing suit on such a claim expired on August 19, 1998. The Chandlers' suit, filed September 4, 2001, is barred by the statute of limitations.

The Chandlers argue the facts in this case are unique and they should not be constrained by the "usual" fact pattern which results in a breach of an insurer's duty to settle. They contend an insurer who rejects an offer to settle within policy limits after a judgment in excess of the policy limits has been entered against the insured should also be subject to a claim of a bad-faith failure to settle and the statute of limitations should run from the date of the rejection of their first settlement demand. American Fire rejected the Chandler's postjudgment demand on September 4, 1996; and their suit filed on September 4, 2001, was filed on the last day before it would have been barred by the statute of limitations.

In support of their argument, they cite Olympia Fields Country Club v. Bankers Indemnity Insurance Co., 325 Ill. App. 649, 60 N.E.2d 896 (1945), apparently one of the few reported cases in which a postjudgment settlement demand within policy limits is part of the factual scenario. The Chandlers cite

- 9 -

Olympia Fields for the proposition a postjudgment settlement demand within policy limits that is rejected by an insurer can be the basis for finding an insurer liable for breaching its duty to settle and failing to settle in good faith. The facts in Olympia Fields are unusual, as are the facts in this case, but we find those unusual facts do not support the legal proposition the Chandlers claim for Olympia Fields.

Olympia Fields Country Club (Club) had a liability policy with Bankers Indemnity Insurance Company (Bankers) with policy limits of $10,000. A patron of the Club sued the Club for personal injuries she sustained while on Club grounds. Olympia Fields, 325 Ill. App. at 651, 60 N.E.2d at 897. Bankers assumed defense of the case but notified the Club the suit was seeking damages in excess of the policy limits and invited the Club's personal counsel to participate in the suit. He did so. At the opening of the trial, the plaintiff's attorney offered to settle the case for only $3,500. Bankers rejected the offer. During the trial, the offer to settle was renewed but still rejected. Olympia Fields, 325 Ill. App. at 654, 60 N.E.2d at 898. The Club was found liable and judgment was entered in the amount of $20,000. This time, plaintiff offered to settle for $8,000. This offer was again rejected, and Bankers planned to appeal the judgment, which was upheld on appeal. Olympia Fields, 325 Ill. App. at 654, 60 N.E.2d at 898-99. The Club demanded Bankers pay the $8,000 to settle the case; and when it was refused, the Club paid the settlement itself and sued its insurer for both failure

- 10 -

to settle for $3,500 and failure to settle for $8,000, recovering judgment for $10,853.11 against Bankers, which appealed that judgment also. Olympia Fields, 325 Ill. App. at 651, 656, 60 N.E.2d at 897, 899.

The gist of the Club's suit against Bankers was that Bankers acted in bad faith in failing to accept the $3,500 settlement offer and the $8,000 settlement offer. Olympia Fields, 325 Ill. App. at 660, 60 N.E.2d at 900. The appellate court found this was a case of first impression in Illinois and proceeded to review numerous cases from other jurisdictions. Olympia Fields, 325 Ill. App. at 660-73, 60 N.E.2d 900-06. The appellate court found the weight of authority supported the rule an insurer could be held liable for failure to settle within policy limits before or during trial if it acted in bad faith. Olympia Fields, 325 Ill. App. at 673, 60 N.E.2d at 906. The appellate court then found the trial court was correct in denying Banker's motion for directed verdict. In so doing, it relied on the following evidence to find the Club had made out a prima facie case of Bankers failing to act in good faith in refusing the $8,000 settlement offer: at the time Banker's refused the $8,000 offer, its attorney, having heard the trial evidence and with knowledge a $20,000 verdict had been entered, recommended the offer be accepted and a $3,500 offer had been made both at the opening of the trial and during the trial and rejected. Olympia Fields, 325 Ill. App. at 675, 60 N.E.2d at 907.

In Olympia Fields, not only were two settlement demands

- 11 -

made and rejected <u>prior</u> to judgment being entered, the appellate court specifically relied upon those facts in finding the rejection of the settlement offer postjudgment was <u>prima</u> <u>facie</u> evidence of bad-faith failure to settle.  In this case, no settlement offer was made prior to judgment being entered.  Although the Chandlers argued to the trial court it would have been a futile gesture to have made such a demand given American Fire's position it had no coverage, as the trial court noted, it would have been an easy thing to do and would have brought the Chandlers in line with the factual circumstances of the reported cases and the requirements enunciated to support the tort of breach of the duty to settle.

Under the unique facts of this case, the Chandlers have failed to meet the requirements of the specially created tort of breach of an insurer's duty to settle within policy limits: they failed to make a settlement demand prior to entry of judgment in the underlying liability suit.  The statute of limitations began to run when judgment was entered--and not at the time of their postjudgment settlement demand.  If a claim for bad-faith failure to settle exists, it is barred by the statute of limitations.

The claim against American Fire for a bad-faith failure to settle is time-barred.  Consequently, the additional claim for punitive damages based on allegations that American Fire willfully and wantonly breached its duty to settle is also time-barred.  Accordingly, we need not address the trial court's dismissal of the count requesting punitive damages.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER and STEIGMANN, JJ., concur.